IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CREANDO LITTLE LANGUAGE EXPLORERS, LLC,

      Plaintiff,

v.                                         Case No. 20-cv-1051

MONROE STREET ARTS CENTER, INC.,
TARA VERMA,
JAMIE GALE, and
CREATIVE SOUL CLUB,

      Defendants.

---

## NOTICE OF REMOVAL

---

In accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Monroe Street Arts Center ("MSAC"), Tara Verma, Jamie Gale, and Creative Soul Club ("CSC") (collectively "Defendants") hereby give notice of removal of this action, captioned *Creando Little Language Explorers LLC vs. Monroe Street Arts Center, Inc. et al.*, bearing case number 2020-CV-0002173, from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin. In accordance with 28 U.S.C. § 1446(a), Defendants provide the following statement of the grounds for removal.

**I.    INTRODUCTION**

1. During the summer of 2020, the Plaintiff, Creando Little Language Explorers ("Plaintiff"), engaged in discussions with the Defendants alleging that Defendants infringed on Creando's intellectual property rights and engaged in other

actions in violation of Wisconsin law. On October 16, 2020, Plaintiff filed suit against the Defendants in Dane County Circuit Court. Plaintiff asserts claims of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a), as well as common-law and statutory fraud and misrepresentation. Copies of all process, pleadings, and orders Plaintiff previously served upon Defendants are attached hereto as **Exhibit 1,** as required by 28 U.S.C. § 1446(a).

## II.     REMOVAL IS PROPER

2.      This Court is the proper venue for removal. It also has subject matter jurisdiction over this action, and all other requirements for removal have been satisfied.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 130, 1391, 1441(a), and 1446(a) because this action was filed in the Circuit Court of Dane County, Wisconsin, which is within the territory of the Western District of Wisconsin.

4.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges claims against Defendants under the Lanham Act, 15 U.S.C § 1051 *et seq.*, thus raising a federal question. Federal courts have original jurisdiction over all civil actions arising under laws of the United States, 28 U.S.C. § 1331, and as Plaintiff expressly alleges on the face of its Complaint, "[t]his action arises under the trademark laws of the United States, 15 U.S.C § 1051." Ex. 1, Compl. ¶ 6. More specifically, Plaintiff alleges trademark infringement, unfair competition, and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a). *Id.* ¶¶ 6, 35-37, 48-59. Consequently, from the face of Plaintiff's Complaint, this action is removable from the Circuit Court of Dane County to this Court. *See e.g. Shannon v.*

*Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) ("A case may be removed only if 'the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district court's original jurisdiction at the time of the removal.'" (quoting *Federal Deposit Insurance Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986)); *Harvey v. Life Ins. Co. of N. Am.*, 404 F. Supp. 2d 969, 972–73 (E.D. Ky. 2005), ("According to the well-pleaded complaint rule, the face of Plaintiff's complaint must state claims that arise under federal law in order for federal courts to have jurisdiction pursuant to section 1331…Plaintiff's cause of action arises under federal law if 'federal law creates the cause of action'…." (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)).

   5. Moreover, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining claims brought in Plaintiff's Complaint under Wisconsin statutes and common law. As the Court has original jurisdiction over Plaintiff's first claim alleging a violation of a federal statute, the Court should exercise supplemental jurisdiction over the remaining claims in Creando's complaint under 28 U.S.C. § 1367(a), as the state claims do not meet the exceptions under 28 U.S.C. § 1367(c). *See e.g. Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018) ("Supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction."); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998) ("Subsection 1367(a) uses the term 'shall' which implies that once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that

3

they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory.").

6. Finally, all other requirements for removal are satisfied as (1) the Notice is timely, (2) all Defendants consent to removal, and (3) the state-court pleadings are provided with this Notice.

7. *First,* Defendants were served with the Complaint on October 20, 2020. As Defendants are filing this Notice of Removal on November 19, 2020, the Notice is within the thirty-day time limit for removal. 28 U.S.C. § 1446(b)(1).

8. *Second*, all Defendants consent to removal. Under 28 U.S.C. § 1446(b), all Defendants who have been properly joined and served must consent to removal. All Defendants file this Notice jointly.

9. *Third*, a copy of all process, pleadings, and orders filed in the state court action being removed to this Court are attached hereto as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).

10. As required by 28 U.S.C. 1446(d), Defendants will serve written notice of this Notice of Removal promptly on Plaintiff, and will file a copy of this Notice of Removal with Clerk of the Circuit Court of Dane County. A copy of the Notice of Filing to be served on Plaintiff and filed with the Circuit Court of Dane County is attached hereto as **Exhibit 2**.

## III. CONCLUSION

WHEREFORE, Defendants hereby remove this action from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin.

Dated: November 19, 2020

                              STAFFORD ROSENBAUM LLP

                              */s/ Douglas M. Poland*
                              Douglas M. Poland
                              SBN 1055189
                              Seep Paliwal
                              SBN 1091325
                              Attorneys for Defendants

222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
dpoland@staffordlaw.com
spaliwal@staffordlaw.com
608.256.0226