# EXHIBIT 1

**FILED**
**10-16-2020**
**CIRCUIT COURT**
**DANE COUNTY, WI**
**2020CV002173**
**Honorable Frank D.**
**Remington**
**Branch 8**

STATE OF WISCONSIN    CIRCUIT COURT    DANE COUNTY
Branch __

CREANDO LITTLE LANGUAGE
EXPLORERS LLC,
1716 Monroe Street
Madison, Wisconsin 53711,

       Plaintiff,

    v.                         Case No.:_____
                                    Case Code: 35002, 35005, 30106,
MONROE STREET ARTS CENTER, INC.                  30303
1722 Monroe Street
Madison, Wisconsin 53711,

TARA VERMA
721 Cone Flower Street
Middleton, Wisconsin 53562,

JAMIE GALE
5413 Jonquil Court
Middleton, Wisconsin 53562

CREATIVE SOUL CLUB
1722 Monroe Street
Madison, Wisconsin 53711,

       Defendants.

---

## SUMMONS

---

**THE STATE OF WISCONSIN TO THE DEFENDANTS NAMED ABOVE:**

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer

must be sent or delivered to the Court, whose address is Dane County Courthouse, Dane County Clerk of Court, 215 South Hamilton Street, Madison, Wisconsin 53703, and to Benoit Letendre and Travis James West, the plaintiff's attorneys, whose address is West & Dunn, P.O. Box 37, Waunakee, Wisconsin, 53597. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 16th day of October, 2020

WEST & DUNN

By: *Electronically signed by Benoit M. Letendre*
Benoit M. Letendre, SBN 1079792
bletendre@westdunn.com
Travis James West, SBN 1052340
twest@westdunn.com
P.O. Box 37
Waunakee, Wisconsin 53597
608-535-6420

Attorneys for Plaintiff, Creando Little Language Explorers, LLC

FILED
10-16-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV002173
Honorable Frank D. Remington
Branch 8

STATE OF WISCONSIN     CIRCUIT COURT     DANE COUNTY
Branch __

CREANDO LITTLE LANGUAGE
EXPLORERS LLC,
1716 Monroe Street
Madison, Wisconsin 53711,

        Plaintiff,

  v.                                                                       Case No.:_____
                                                                               Case Code: 35002, 35005, 30106,
MONROE STREET ARTS CENTER, INC.                                                30303
1722 Monroe Street
Madison, Wisconsin 53711,

TARA VERMA
721 Cone Flower Street
Middleton, Wisconsin 53562,

JAMIE GALE
5413 Jonquil Court
Middleton, Wisconsin 53562

CREATIVE SOUL CLUB
1722 Monroe Street
Madison, Wisconsin 53711,

        Defendants.

---

## COMPLAINT

---

    Plaintiff, Creando Little Language Explorers, LLC, by its attorneys West & Dunn, as and

for its Complaint against Defendants Monroe Street Arts Center, Inc., Creative Soul Club, Tara

Verma, and Jamie Gale alleges as follows:

## THE PARTIES

1.      Plaintiff Creando Little Language Explorers, LLC ("Creando"), is a Wisconsin limited liability company with a principal business address of 1716 Monroe Street, Madison, WI 53711.

2.      Defendant Monroe Street Arts Center, Inc. ("MSAC"), is a Wisconsin corporation operating as a nonprofit entity under IRC section 501(c), with a principal business address of 1722 Monroe Street, Madison, WI 53711.

3.      Defendant Tara Verma is an adult resident of the State of Wisconsin who resides at 721 Cone Flower Street, Middleton, Wisconsin 53562.

4.      Defendant Jamie Gale is an adult resident of the State of Wisconsin who resides at 5413 Jonquil Court, Middleton, Wisconsin 53562.

5.      Defendant Creative Soul Club ("CSC") is a partnership between Defendants Verma and Gale, with a principal business address of 1722 Monroe Street, Madison, WI 53711.

## JURISDICTION AND VENUE

6.      This action arises under the trademark laws of the United States, 15 U.S.C § 1051 *et seq.*, and the laws of the State of Wisconsin and is a Complaint for trademark infringement, deceptive trade practices under Wis. Stat. § 100.18, unfair competition under Wis. Stat. § 100.20, common law misrepresentation, and promissory estoppel. This Court has subject matter jurisdiction over these claims pursuant to Article VII, Section 8 of the Wisconsin Constitution.

7.      This Court has personal jurisdiction over the Defendants because Defendants either reside in the State of Wisconsin or have their principal place of business in the State of Wisconsin.

8.      Venue in Dane County is proper because the acts giving rise to Plaintiff's Complaint occurred in Dane County.

## GENERAL FACTUAL ALLEGATIONS

9.      Creando was organized in October of 2013 when Karen Haygood and James Haygood, now members of Creando, filed articles of organization for the company with the Wisconsin Department of Financial Institutions.

10.     In 2014, Creando started a home-based and afterschool language and childhood development program in several locations in Madison and one permanent rented space on Atwood Avenue.  In 2015, Creando rented space on Lakeside Street in Madison and the following year it rented a location on Monroe Street.

11.     From its Monroe Street facility in 2016, Creando was in view (line of sight) of MSAC's prior location at 2526 Monroe Street.  From this vantage, Creando daily observed the afterschool programs operated by MSAC, which consisted of traditional music and art instruction classes.

12.     Unlike MSAC's traditional music and art instruction classes, Creando's afterschool programs centered on a unique, interactive approach to learning developed over years of trial and error.  Creando developed the learning technique, known as the five-senses learning approach, through the development of relationships with school administrators as well as extensive research concerning operations, locations, and transportation services required to meet the needs of families involved in its programs.

13.     Beginning in 2014, Creando regularly advertised its unique afterschool programming on websites and blogs.

14.     Included in this advertising, Creando made active and continuous use of its logo which is registered with the United States Patent and Trademark Office ("USPTO") under registration number 4563155.

15.     As part of this advertising campaign, Creando paid current MSAC director Carey Zawlocki to post advertisements for Creando on websites owned by Ms. Zawlocki and Defendant Verma, and to write about Creando on online blogs published by Ms. Zawlocki and Defendant Verma, including without limitation Hulafrog and Madison Mom's Blog.

16.     To further its online advertising campaign, Creando gave Ms. Zawlocki and Defendant Verma insider access to Creando's educational programming means and methods including advertising materials and proprietary instructional pamphlets about Creando. Additionally, Creando provided Defendant Verma and her children with a free sample of Creando's enrichment classes, allowing her to observe first-hand how the five-senses learning approach worked in action.

17.     Creando's unique programming was successful, and it developed a need for additional workspace because its afterschool programs had gained in popularity and reputation. In particular, it hoped to consolidate its programs into a single location strategically located to meet the needs of its growing student populations. Therefore, in the fall of 2018, Creando approached Urban Land Interests, LLC ("ULI"), a Madison-based real estate developer, regarding building a new, larger space for its afterschool program at 1716 Monroe Street.

18.     During its discussions with Creando in the fall of 2018, ULI informed Creando that MSAC would also be moving to a new location built by ULI and adjacent to 1716 Monroe Street at 1722 Monroe Street. This issue was particularly concerning to Creando, and in these discussions it specifically inquired as to whether MSAC would be operating afterschool programing that would compete with Creando's. ULI responded that MSAC would not; it would only continue to provide the same type of programming that it had previously provided, only in a bigger space.

19.     For the preceding 22 years, MSAC operated an art center. During that time, it operated no dedicated afterschool programs other than traditional music and art instruction classes from its business spaces located at 2526 Monroe Street.

20.     During these discussions, Creando informed ULI that it would not be interested in renting ULI's space located at 1716 Monroe Street if ULI also intended to rent adjacent or nearby space to competitors.  ULI made specific and express representations to Creando that MSAC would not offer programs competitive with the afterschool classes and programs offered by Creando at MSAC's new 1722 Monroe Street location.

21.     Creando expressly requested that if it entered into a lease with ULI, the lease contain a provision that would prohibit ULI from renting adjacent space to tenants that offered programs that compete with Creando's.  ULI deflected. On February 8, 2019, Anne Morrison of ULI informed Creando that it "doesn't do exclusivity clauses" in its leases. Further, Ms. Morrison stated that Creando need not worry because ULI would be looking out for Creando's best interest, because it wanted Creando to succeed.

22.     In reliance upon these representations and others by ULI, Creando entered into a 10-year lease with ULI in March of 2019 for the 1716 Monroe Street classroom spaces. Further, also in reliance upon these representations, Creando paid one hundred seventeen thousand dollars ($117,000) to build out the space located at 1716 Monroe Street.

23.     In 2019, MSAC launched a capital campaign with the goal of raising eight hundred fifty thousand dollars ($850,000) to pay for the construction of its new spaces at 1722 Monroe Street.

24.     Creando actively participated in MSAC's capital campaign by hosting a public fundraiser for MSAC in its new spaces at 1716 Monroe Street, contributing money to the capital

campaign, and promoting MSAC's capital campaign on Creando's social media sites. Moreover, in the hope of increasing donations, Creando allowed Mr. Tom Neujahr, a principal of ULI, to parade potential donors for MSAC into its finished space at 1716 Monroe Street so they could envision a finished space in the building.

25.     During MSAC's capital campaign, Creando spoke extensively with MSAC's board of directors and its executive director Monica Wahlberg about working collaboratively to advance the mission and purpose of each organization.

26.     During these discussions, MSAC's board of directors and Ms. Wahlberg, made express promises to Creando that MSAC's art and music programs in the afterschool hours would complement and not compete against Creando's afterschool classes and programs.

27.     These promises by MSAC induced Creando to share with MSAC and Ms. Wahlberg the proprietary educational model developed by Creando, as well as the unique means and methods developed by Creando for its afterschool programming.

28.     In March of 2020, MSAC ceased communicating with Creando.

29.     In July of 2020, MSAC unveiled a new collaboration entitled "Our First-Ever After-school Program" with a partnership called Creative Soul Club that specifically included afterschool programming that not only directly competes with Creando's afterschool educational programming, but also is a nearly identical copy of Creando's branding and unique teaching methodology.

30.     Prior to July of 2020, MSAC had never in its 22-year history, offered the afterschool educational programming provided by CSC.

31.     Creando thereafter contacted MSAC directly and spoke with Ms. Zawlocki and Suzy Baldwin. Both confirmed that ULI knew of MSAC plans to launch CSC and had expressly

approved the plan. Mses. Zawlocki and Baldwin explained that they did not believe that the CSC program infringed upon Creando's programming because the CSC program staff "weren't speaking Spanish."

32.    Although MSAC is recognized as a non-profit entity by the US Department of Revenue, on information and belief, CSC is a for-profit partnership created by Defendants Verma and Gale.

33.    MSAC and CSC have represented themselves to the public as a partnership and are, on information and belief, a partnership.

34.    MSAC provided and continues to provide money from its capital campaign to CSC to operate its afterschool program, at MSAC's new business address adjacent to Creando's location.  CSC's programming is in direct competition with Creando.

35.    CSC makes prominent use of a logo and advertising materials that are deceptively similar to Creando's logo and advertising materials.

36.    The use of CSC's logo and advertising materials create a false association with Creando, reducing CSC's advertising expenditures, soliciting Creando's customers, and causing competitive harm to Creando.

37.    MSAC permits CSC to use CSC's logo and advertising materials, funds CSC to do the same, and advertises on behalf of CSC on MSAC's website, with the knowledge that such use, funding and advertising causes competitive harm to Creando.

38.    The marketplace confusion caused by CSC's deceptive exploitation of Creando's likeness in its logo is exacerbated by the proximity of CSC to Creando.  This unlawful encroachment upon Creando's marks has caused and continues to cause consumer confusion and

has caused students that would have enrolled in Creando's educational programming to enroll in CSC's programming.

39.     The deception, encroachment, and unlawful exploitation by MSAC and CSC did not stop at copying Creando's logo.  Defendants also copied the unique educational programming developed by Creando.

40.     MSAC induced Creando to share its unique educational programming model by offering Creando explicit assurances that they would not enter into competition with Creando.

41.     Despite these assurances, MSAC and CSC copied Creando's unique educational programming model and opened an afterschool program next door to Creando's 1716 Monroe Street address.

42.     The immediately adjacent proximity of CSC's afterschool educational program has caused and continues to cause consumer confusion so that students that would have enrolled in Creando's educational programming have enrolled and continue to enroll in CSC programming.

43.     On information and belief, ULI was aware that MSAC planned to open a center at 1722 Monroe Street with educational programing that would compete with Creando's programming.  On information and belief, ULI obtained this knowledge before Creando contributed $117,000 to the construction of new business spaces at 1716 Monroe Street.

44.     MSAC, its board, and Mses. Wahlberg and Zawlocki knew that MSAC would offer educational programming modeled on and competitive with Creando's educational programming through CSC before Creando contributed to MSAC's capital campaign.

45.     MSAC, its board, and Ms. Wahlberg intentionally misled Creando and the public about MSAC's plans to collaborate with CSC to host educational programming that copied and competes directly with Creando.

46.     MSAC has used and continues to use charitable donations, including donations provided by or solicited by Creando, to subsidize CSC, a for-profit partnership operated by Defendants Verma and Gale, which runs educational programming modeled on and competitive with Creando.

### CLAIM I
**Unfair Competition/Use of Word, Term, Name, Symbol, or Device Combination**
**15 U.S.C. § 1125(a) as against Defendants CSC, MSAC, Verma, and Gale**

47.     Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

48.     Since at least 2014, Creando has made use of a logo with a balloon rising on a string above the word "Creando", which means "creating" in Spanish (the "Creando Logo" as pictured below).



49.     CSC did not exist prior to 2020. However, since its formation the Defendants have used a logo of a lightbulb rising on a string above the words "Creative Soul Club" (the "CSC Logo" as pictured below).   The English word "creative" is a variation on the Spanish word "creando" which means "creating" in English.



50.     The Defendants' use of the CSC Logo, which is starkly similar to the Creando Logo, in conjunction with advertising for CSC's afterschool programs (which are related and/or identical services to those provided by Creando) is likely to, and does, cause confusion, or mistake as to the source of or association of CSC's services with Creando.

51.     The CSC Logo and Creando Logo are confusingly similar in appearance and suggestion because both logos make use of floating-balloon-on-a-string depictions and both make use of the word "Creative" or variations thereon (Creando means "creating" in the Spanish language).

52.     The geographic area of the defendants' use of the CSC Logo overlaps with the geographic area of Creando's use of its logo.

53.     Defendants intended and intend to palm off their services as services offered by, and/or insinuate a connection with Creando.

54.     The afterschool educational programming and services offered by Defendants are substantially similar and, in some parts, identical to those offered by Creando.

55.     Defendants have used and continue to use the CSC Logo on the internet and in advertising materials to advertise its services.

56.     Creando never granted license to any defendants to use the Creando Logo, including any portion or likeness thereof.

57.     The Defendants continue to use the Creando Logo to advertise services which are at least partially identical to those offered by Creando.

58.     The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

59.     By reason of the foregoing acts of Defendants, Creando has been damaged in an amount to be determined at trial, and unless enjoined, Defendants' ongoing acts will cause Creando continuing irreparable harm.

## CLAIM II
### Violation of the Deceptive Trade Practices Act - Wis. Stat. § 100.18
### as against Defendant MSAC

60.     Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

61.     MSAC misled Creando and the public in its capital campaign.

62.     During the capital campaign, MSAC explicitly assured Creando that it would not host programs competitive with Creando.

63.     MSAC's assurances induced Creando to allow Defendants and the public to tour Creando's new workspaces at 1716 Monroe Street.

64.     MSAC's assurances induced Creando to donate money to MSAC; host fundraisers for MSAC; and promote MSAC's capital campaign on Creando's social media sites.

65.     MSAC's assurances induced Creando to share with Defendants its unique educational programming.

66.     MSAC's assurances were false in that while MSAC provided these assurances to Creando, plans to develop a public-private partnership program with Mses. Verma and Gale that is competitive with Creando's were already underway.

67.     MSAC's assurances constitute public statements, within the meaning of Wis. Stat. § 100.18.

68.     MSAC's public statements were false.

69.     Creando has been damaged by MSAC's false statements.

70.     The foregoing acts of MSAC are violations of Wis. Stat. § 100.18 and constitute deceptive trade practices.

71.     By reason of the foregoing acts of the Defendants, Creando has been damaged in the form of lost tuition, depressed attendance, and consumer confusion and Creando is entitled to damages in an amount to be determined at trial.

## CLAIM III
### Unfair Competition - Wis. Stat. § 100.20
### as against Defendants MSAC, CSC, Verma and Gale

72.     Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

73.     Creando took MSAC into its confidence during the 2019 capital campaign in reliance upon MSAC's representations that it would not host educational programs competitive with Creando.

74.     Based on these explicit representations, Creando shared with MSAC Creando's proprietary means and methods of instruction, its logo, brochures and advertising materials, and gave to MSAC unfettered access to Creando's new workspaces.

75.     MSAC's representations to Creando were false in that MSAC had already entered into a partnership with CSC, Verma, and Gale that planned to copy Creando's afterschool programming model and entering into direct competition with Creando in workspaces next door to Creando.

76.     Defendants ultimately used the information given to MSAC in good faith by Creando to establish and brand a public-private partnership that resulted in the formation of CSC, which is a partnership whose programming and operations are derived directly from and designed to compete against Creando.

77.     The foregoing acts by Defendants violate Wis. Stat. § 100.20 and constitute unfair competition.

78.    By reason of the foregoing conduct by the Defendants, Creando has been harmed and continues to suffer harm in the form of lost tuition, depressed attendance, and consumer confusion.

## CLAIM IV
### Negligent Misrepresentation
### as against Defendant MSAC

79.    Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

80.    MSAC represented to Creando that, among other things, it would not enter into direct competition with Creando next door to Creando's new 1716 Monroe Street address.

81.    Creando reasonably relied on these statements and cooperated with MSAC in its capital campaign by giving money to MSAC, hosting fundraising events for MSAC in Creando's new workspaces, and sharing with MSAC's employees Creando's unique educational programming model and instructional and advertising materials.

82.    At the time it represented to Creando that it would not enter into competition with it, MSAC has already been working to develop a partnership with CSC, Verma, and Gale to offer programing that would compete with Creando.  Accordingly, MSAC's representations were false.

83.    MSAC knew or should have known that the statements it made to Creando were false.  MSAC failed to exercise ordinary care in making these representations to Creando.

84.    By reason of MSAC's misrepresentations, Creando has been harmed in an amount to be determined at trial.

## CLAIM V
### Strict Liability Misrepresentation
### as against Defendant MSAC

85.     Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

86.     MSAC represented to Creando that, among other things, it would not enter into direct competition with Creando next door to Creando's new 1716 Monroe Street address.

87.     Creando reasonably relied on these statements and cooperated with MSAC in its capital campaign by giving money to MSAC, hosting fundraising events for MSAC in Creando's new workspaces, and sharing with MSAC's employees Creando's unique educational programming model and instructional and advertising materials.

88.     MSAC's representations were false.  At the time it represented to Creando that it would not enter into competition with it, MSAC has already been working to develop a partnership with CSC, Verma, and Gale to offer programing that would compete with Creando.  Because its representations concerned its non-public partnership plans with Defendant Verma, Gale, and CSC, MSAC's representations were based upon its personal knowledge, and it was uniquely situated to ascertain the truth of the facts related to its representations.

89.     MSAC had an economic stake in Creando's belief and reliance upon its representations.  Among other things, in reliance upon MSAC's false statements Creando not only made monetary donations to MSAC, but also assisted MSAC with its capital campaign and larger fundraising efforts.

90.     By reason of MSAC's misrepresentations, Creando has been harmed in an amount to be determined at trial.

## CLAIM VI
### Intentional Misrepresentation
### as against Defendant MSAC

91.    Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

92.    MSAC represented to Creando that, among other things, it would not enter into direct competition with Creando next door to Creando's new 1716 Monroe Street address.

93.    MSAC's representations were false.  At the time it represented to Creando that it would not enter into competition with it, MSAC has already been working to develop a partnership with CSC, Verma, and Gale to offer programing that would compete with Creando.

94.    MSAC made its representations to Creando knowing them to be false, or made them recklessly without caring whether they were true or false.

95.    MSAC made its representations to Creando with the intent to defraud Creando and cause Creando to act upon them.  Creando reasonably relied on these statements and cooperated with MSAC in its capital campaign by giving money to MSAC, hosting fundraising events for MSAC in Creando's new workspaces, and sharing with MSAC's employees Creando's unique educational programming model and instructional and advertising materials.

96.    By reason of MSAC's misrepresentations, Creando has been harmed in an amount to be determined at trial.

## CLAIM VII
### Promissory Estoppel
### as Against Defendant MSAC

97.    Creando realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth at length.

98.     MSAC promised Creando that it would not engage in activities and programing that is competitive to Creando's programming.

99.     MSAC reasonably should have expected that its promises would include action on the part of Creando.

100.    MSAC's promises induced Creando to, among other things, provide financial support to MSAC and assist MSAC with its capital campaign.

101.    Creando's reliance upon the promises of MSAC was reasonable.

102.    Creando's reliance upon the promises has now caused it substantial harm.

103.    The promises of MSAC must be enforced to avoid injustice

## **PRAYER FOR RELIEF**

WHEREFORE**,** Plaintiff prays for judgment in its favor and against Defendants with respect to all the foregoing Claims as follows:

A.      Immediately and preliminarily enjoining each Defendant, its servants, agents and employees, and all other persons in active concert or participation with any Defendant and its successors and assigns, from directly or indirectly:

(1)     using, reproducing, creating, distributing or publicly displaying any of Creando's marks, names, logos or trade dress, including any colorable imitation of Creando's marks and distinct educational programming and teaching methodology, in the advertising (including on the Internet), promotion, or rendering of its services;

(2)     expressly or impliedly representing itself to customers, potential customers, or the public to be affiliated in any way with Creando;

(3)     representing by words or conduct that any service provided, offered for sale, sold, advertised, or rendered by the respective Defendant is authorized, sponsored, or endorsed by or otherwise connected with Creando;

(4)     otherwise infringing on any of Creando's trademark and/or trade dress rights; and/or

(5)     competing unfairly with Creando in any manner by improperly using any Creando trademark, service mark, or trade dress, or any colorable imitation of any of them, and/or any mark that is likely to cause consumer confusion as to the source of the respective Defendant's services;

B.     Holding that Defendants' acts constitute unfair competition and trade dress infringement, as described above;

C.     Holding that Defendants' acts are in violation of the Deceptive Trade Practices Act, as described above;

D.     Holding that Defendants' acts constitute unfair competition under Wisconsin State law, as described above;

E.     Holding that Defendants' acts constitute misrepresentation, as described above;

F.     Holding that the Defendants are estopped from engaging in the acts described above;

G.     Ordering the Defendants, jointly and severally, to pay Creando:

(1)     all profits, gains and advantages obtained by Defendants from the Defendants' unlawful conduct, including profits and corrective advertising damages in an amount to be determined at trial;

(2)     all monetary damages sustained and to be sustained by Creando as a consequence of Defendants' unlawful conduct, including lost profits, in an amount to be determined at trial;

(3)     enhanced damages (e.g. pursuant to 15 U.S.C. § 117(a) and Wis. Stat. § 100.18);

(4)     Creando's costs and disbursements incurred in connection with this action, including reasonable attorneys' fees; of which nothing plead herein shall constitute an election of remedies;

(5)     Assessing court costs against the Defendants; and

(6)     Awarding such other relief as the Court may deem just and proper.


Dated this 16th day of October, 2020

WEST & DUNN

By:   *Electronically signed by Benoit M. Letendre*
        Benoit M. Letendre, SBN 1079792
        bletendre@westdunn.com
        Travis James West, SBN 1052340
        twest@westdunn.com
        P.O. Box 37
        Waunakee, Wisconsin 53597
        608-535-6420

        Attorneys for Plaintiff, Creando Little Language Explorers, LLC

FILED
11-10-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV002173

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

| Creando Little Language Explorers LLC vs. Monroe Street Arts Center, Inc. et al | **Notice of Hearing** |
|---|---|
| | Case No: 2020CV002173 |

COURT ORIGINAL

This case is scheduled for: **Scheduling conference**

| Date<br>11-11-2020 | Time<br>02:30 pm | Location<br>4th Floor, Courtroom 4D - Branch 8 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Frank D. Remington | | 215 S Hamilton Street<br>Madison WI 53703-3285 |
| **Re**<br>Prohibited Business Activity | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

TO SCHEDULE THE MOTION FOR TEMPORARY RESTRAINING AND INJUNCTION

**If you require reasonable accommodations due to a disability to participate in the court process, please call 608-266-4311 prior to the scheduled court date. Please note that the court does not provide transportation.**

Dane County Circuit Court
Date: November 10, 2020

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Benoit Marc Letendre | | Electronic Notice |
| Travis James West | | Electronic Notice |
| Seep Paliwal | | Electronic Notice |
| Douglas M. Poland | | Electronic Notice |

GF-101(CCAP), 10/2009 Notice of Hearing

**This form shall not be modified. It may be supplemented with additional material.**

FILED
11-06-2020
CIRCUIT COURT
DANE COUNTY, WI
2020CV002173

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

| Creando Little Language Explorers LLC vs. Monroe Street Arts Center, Inc. et al | **Notice of Hearing** |
|---|---|
| | Case No: 2020CV002173 |

COURT ORIGINAL

This case is scheduled for: **Scheduling conference**

| Date<br>11-12-2020 | Time<br>01:30 pm | Location<br>4th Floor, Courtroom 4D - Branch 8 |
|---|---|---|
| **Circuit Court Judge/Circuit Court Commissioner**<br>Frank D. Remington | | 215 S Hamilton Street<br>Madison WI 53703-3285 |
| **Re**<br>Prohibited Business Activity | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

TO SCHEDULE THE MOTION FOR TEMPORARY RESTRAINING AND INJUNCTION

**If you require reasonable accommodations due to a disability to participate in the court process, please call 608-266-4311 prior to the scheduled court date. Please note that the court does not provide transportation.**

Dane County Circuit Court
Date: November 6, 2020

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| Benoit Marc Letendre | | Electronic Notice |
| Travis James West | | Electronic Notice |
| Monroe Street Arts Center, Inc. | 1722 Monroe Street, Madison, WI 53711 | Mail Notice |
| Tara Verma | 721 Cone Flower Street, Middleton, WI 53562 | Mail Notice |
| Jamie Gale | 5413 Jonquil Court, Middleton, WI 53562 | Mail Notice |
| Creative Soul Club | 1722 Monroe Street, Madison, WI 53711 | Mail Notice |

This form shall not be modified. It may be supplemented with additional material.