UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CREANDO LITTLE LANGUAGE EXPLORERS, LLC,

      Plaintiff,

v.                             Case No. 3:20-CV-1051-wmc

MONROE STREET ARTS CENTER, INC., *et al.*,

      Defendants.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

## INTRODUCTION

The plaintiff, Creando Little Language Explorers, LLC ("Creando"), originally brought this action in state court. In its complaint it delineated seven claims, one of which alleged liability arising under a federal statute, the Lanham Act, 15 U.S.C. § 1125(a). The defendants thereafter removed this matter to federal court on the basis of federal question jurisdiction arising under 28 U.S.C. § 1331.

On December 21, 2020, the plaintiff filed an amended complaint in which it elected to omit the Lanham Act claim. Moreover, the amended complaint contains no federal claims. Accordingly, this Court lacks subject matter jurisdiction over this matter, and it should be remanded to Dane County Circuit Court for full and final resolution of the parties' claims.

## FACTS

Creando filed its summons and complaint initiating this action in Dane County

Circuit Court on October 16, 2020. (Doc # 1, Ex. 1.) Among other things, the plaintiff's complaint stated a claim for violation of 15 U.S.C. § 1125, which is a claim arising under federal law. (*Id*. at ¶¶ 47-59.) The defendants thereafter removed the action from state court to federal court on the basis of federal question jurisdiction arising under 28 U.S.C. § 1331. (Doc. # 1, ¶ 4.) On December 21, 2020, the plaintiff filed an amended complaint. (Doc # 7.) The amended pleading omits the Lanham Act claim, and states no other cause of action arising under federal law. (*Id*.)

## ARGUMENT

Removal of an action originally filed in state court is permissible only where the federal courts have original jurisdiction over the action. 28 U.S.C. § 1441. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 Fed.2d 908, 911 (7th Cir. 1993). If the federal court loses subject matter jurisdiction at any time after a matter is removed, the court must remand the matter to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

In light of the foregoing, this matter must be remanded to the Dane County Circuit Court. Although the Lanham Act claim pled by the plaintiff in its original complaint provided this court with subject matter jurisdiction at the time this case was

first removed, the court has since lost jurisdiction as a result of the plaintiff's decision to drop this claim in its amended pleading. Because the court no longer has subject matter jurisdiction, this matter must be remanded pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted this 21st day of December, 2020.

                                         WEST & DUNN

                                         /s/ Travis James West

                                         Travis James West SBN 1052340
                                         Benoit M. Letendre SBN 1079792
                                         114 East Main Street, Suite 211
                                         P.O. Box 37
                                         Waunakee, Wisconsin 53597
                                         Ph. (608) 535-6420
                                         Email: twest@westdunn.com
                                                      bletendre@westdunn.com

                                         Attorneys for Plaintiff Creando Little Language Explorers, LLC