IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CREANDO LITTLE LANGUAGE EXPLORERS LLC,

    Plaintiff,

v.                                                             20-cv-1051-wmc

MONROE STREET ARTS CENTER, INC.,
TARA VERMA,
JAMIE GALE, and
CREATIVE SOUL CLUB,

    Defendants.

**DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT UNTIL RESOLUTION OF PLAINTIFF'S PENDING MOTION TO REMAND**

        In accordance with Federal Rule of Civil Procedure 6(b), defendants Monroe Street Arts Center, Inc. ("MSAC"), Tara Verma, Jamie Gale, and Creative Soul Club ("CSC") (collectively "Defendants"), by their attorneys, Stafford Rosenbaum LLP, hereby move the Court for an order extending the current January 11, 2021 deadline to respond to the First Amended Complaint of plaintiff Creando Little Language Explorers LLC ("Creando" or "Plaintiff") until 14 days after the Court resolves Plaintiff's Motion to Remand, which is currently pending before the Court. In support of this Motion, Defendants state as follows:

        1.      Plaintiff filed its Complaint in the Circuit Court of Dane County, Wisconsin, on October 16, 2020, case number 2020CV2173.

        2.      Defendants timely removed this action from Dane County Circuit Court to this Court on November 19, 2020, in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, as the Complaint alleged a violation of the Lanham Act, 15 U.S.C. § 1125(a), and expressly alleged

1

that the action arises under federal law. (*See* Notice of Removal (dkt. #1); Compl. (dkt. #1-1) ¶ 6.)

3. On November 30, 2020, Defendants moved to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (*See* Defs' Mot. To Dismiss (dkt. #2); Br. in Supp. Of Mot. To Dismiss (dkt. #3).)

4. On December 21, 2020, rather than respond to the Motion to Dismiss, Plaintiff filed a First Amended Complaint, dropping its claim under the Lanham Act (as well as its claim under Wisconsin Statute Section 100.20), adding a claim for common-law misappropriation (Claim I), splitting its previous claim under Wisconsin Statute Section 100.18 into two separate claims under Section 100.18 (Claims II and III), and adding new allegations in support of its other claims. (*See* First Am. Compl. (dkt. #7).)

5. Plaintiff also simultaneously moved to remand the action to Dane County Circuit Court, citing the lack of a federal cause of action in its Amended Complaint. (*See* Mot. To Remand (dkt. #9); Br. in Supp. Of Mot. To Remand (dkt. #10).) The filing of the Motion to Remand generated a briefing schedule requiring Defendants to respond to the motion by January 11, 2021. (*See* dkt. #9.)

6. In response to Plaintiff's filing of its Amended Complaint, the Court issued a text order providing Defendants with the option of standing on their pending Motion to Dismiss, which the Court indicated it would redirect toward the Amended Complaint, or filing a new motion to dismiss or otherwise responding to the Amended Complaint, also by January 11, 2021. (*See* dkt. #11.)

7. Defendants intend to oppose Plaintiff's Motion to Remand, as this Court obtained subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 upon the

timely and proper removal of the action to this Court, and that jurisdiction continues despite Plaintiff's amendment of its Complaint to drop its Lanham Act claim. Defendants will of course, fully present this argument in responding to Plaintiff's Motion to Remand, and further believe that there might be additional grounds for this Court's exercise of subject matter jurisdiction over Plaintiff's Amended Complaint. They are researching the viability of those additional arguments and, if viable, intend to present them to the Court in their opposition to the Motion to Remand on January 11, 2021.

8. Because the issue of remand is contested, the Court's resolution of Plaintiff's Motion to Remand will determine whether this action will proceed in this Court, or be remanded to the Dane County Circuit Court.

9. Moreover, under the Court's December 22 text order (dkt. #11), Defendants must respond to the Amended Complaint by the same date – January 11 – as Defendants must respond to the Motion to Remand. As the Court's text order anticipates, Defendants intend to move to dismiss the Amended Complaint.

10. If the Court denies the Motion to Remand, then Defendants' anticipated motion to dismiss the Amended Complaint will be resolved in this Court. If the Court were to grant the Motion to Remand, however, then a potential consequence of that ruling could be that the case would be remanded before the Court resolves a motion to dismiss the Amended Complaint.

11. If the Court were to remand the action before ruling on a motion to dismiss the Amended Complaint, then briefing such a motion to this Court – in the face of a simultaneously filed and pending motion to remand – would be for naught. The action would be remanded to the Dane County Circuit Court, where the parties might once again brief a motion to dismiss the Amended Complaint. If that were to occur, Defendants would then have had to file ***three***

3

separate motions to dismiss and briefs in support: a motion to dismiss the original Complaint in this Court; a motion to dismiss the Amended Complaint in this Court; and a motion to dismiss a new complaint in the remanded action in the Dane County Circuit Court.

12. Although the Court's text order giving Defendants the option of standing on their previously filed motion to dismiss and redirecting that motion and brief to the Amended Complaint might appear to prevent the redundant motion practice that Defendants seek to avoid through the relief sought in this Motion, standing on the previously filed motion is not an option of which Defendants can avail themselves. The allegations and claims in the Amended Complaint are sufficiently different from the claims in the original Complaint that they will require either a supplemental brief or a new brief in support of a motion to dismiss the Amended Complaint.

13. More specifically, Plaintiff's Amended Complaint raises a new common-law misappropriation claim (Claim I) against all defendants; splits the single claim brought in the original Complaint under Wis. Stat. § 100.18 solely against MSAC into two separate claims, one of which (Claim II) is asserted against MSAC and the other of which (Claim III) is asserted against all defendants; and raises new allegations in support of Plaintiff's Negligent, Strict Liability, and Intentional Misrepresentation claims (Claims IV, V, and VI) and its Promissory Estoppel claim (Claim VII), which potentially affect Defendants' arguments for dismissal under Federal Rule of Civil Procedure Rule 9(b). Given these new allegations and claims, Defendant's original motion to dismiss cannot simply be redirected toward Plaintiff's Amended Complaint, as doing so would leave new claims and allegations unaddressed and unchallenged.

14. Consequently, Defendants must file either a supplement to their previous motion to dismiss and supporting brief, or a new motion to dismiss and supporting brief. Researching

and preparing that filing will require Defendants' counsel to spend substantial additional time and resources. Those expenditures of time and money potentially could be for naught should the Court remand this action to the Dane County Circuit Court without ruling on a motion to dismiss, as the parties would then be required to brief a third motion to dismiss in the state court.

15. Therefore, to promote judicial efficiency and avoid the unnecessary expenditure of time and expense by the parties, Defendants respectfully request that the Court extend the January 11, 2021 deadline for their response to the Amended Complaint pending the Court's resolution of the Motion to Remand. Under Federal Rule of Civil Procedure Rule 1, all rules of civil procedure, including Rule 6(b), **"should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."** Extending the deadline by which Defendants must file a motion to dismiss the Amended Complaint to allow the Court to first rule on the pending Motion to Remand would achieve the cost-saving and efficiency objectives of Rule 1.

16. Defendants' respectfully request that the Court extend the current January 11, 2021 deadline to respond to the Amended Complaint until 14 days after the Court's resolution of Plaintiff's Motion to Remand.

17. On December 29, 2020, counsel for Defendants contacted counsel for Plaintiff to inquire whether Plaintiff would oppose their request for an extension of the deadline to respond to the Amended Complaint to permit the Court to rule on the pending Motion to Remand before the parties brief a motion to dismiss the Amended Complaint. Plaintiff's counsel responded on December 30, 2020, that Plaintiff would not agree to the requested extension.

WHEREFORE, defendants Monroe Street Arts Center, Inc., Tara Verma, Jamie Gale, and Creative Soul Club respectfully move the Court for an order extending the current January

5

11, 2021 deadline to respond to the First Amended Complaint of plaintiff Creando Little Language Explorers LLC until 14 days after the Court resolves Plaintiff's pending Motion to Remand.

Dated:  December 30, 2020

                              STAFFORD ROSENBAUM LLP

                              */s/ Douglas M. Poland*
                              Douglas M. Poland
                              SBN 1055189
                              Seep Paliwal
                              SBN 1091325
                              Attorneys for Defendants

222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
dpoland@staffordlaw.com
spaliwal@staffordlaw.com
608.256.0226