IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CREANDO LITTLE LANGUAGE EXPLORERS LLC,

       Plaintiff,

v.                                     20-cv-1051-wmc

MONROE STREET ARTS CENTER, INC.,
TARA VERMA,
JAMIE GALE, and
CREATIVE SOUL CLUB,

       Defendants.

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

---

### Introduction

For nearly 40 years, the law in this Circuit has held that if a complaint filed in state court is removed to federal court based on the assertion of a federal claim, removal is not defeated by the plaintiff's post-removal amendment of the complaint to abandon the federal claim. The district court retains supplemental jurisdiction over the remaining claims and should exercise that jurisdiction where doing so will minimize expense and delay, defeat the gamesmanship of forum manipulation, give effect to a defendant's right to a federal forum, and where the amended complaint retains language and factual allegations underlying the abandoned federal claim.

Here, Plaintiff's original complaint expressly alleged, among other things, that "[t]his action arises under the trademark laws of the United States, 15 U.S.C. § 1501 *et seq.*"; that Defendants have wrongfully used Plaintiff's logo to advertise Defendants' own programming in competition with Plaintiff's programming, causing confusion or mistake; and that these and other actions constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff's original complaint included six additional claims under Wisconsin law. After Defendants removed this

action to this Court based on Plaintiff's express assertion of a claim arising under federal law, and then moved to dismiss Plaintiff's complaint, Plaintiff filed a First Amended Complaint dropping its Lanham Act claim but retaining much of the language and factual allegations underlying its now-abandoned federal claim. Plaintiff simultaneously moved to remand, contending that "the court … has lost jurisdiction as a result of the plaintiff's decision to drop [the federal] claim in its amended pleading."  (Br. in Supp. Of Pl.'s Mot to Remand (dkt. #10) ("Br.") at 3.)

Plaintiff's position has been soundly and repeatedly rejected by the Seventh Circuit and district courts in this Circuit for decades. As explained below, because jurisdiction is established at the time of removal, once this Court obtained subject matter jurisdiction over this action through Defendants' proper removal, it had supplemental jurisdiction over the state-law claims and retains that jurisdiction despite Plaintiff's amendment omitting any federal claim. Nor does Plaintiff's amendment *require* this Court to remand. Rather, where a plaintiff amends a complaint in an action that has been properly removed to federal court and drops its federal claim in an attempt to defeat federal jurisdiction, a district court has discretion to retain jurisdiction or to remand, based on its consideration of factors including economy, convenience, fairness, comity, and the conduct of the parties. The Seventh Circuit and many district courts in this Circuit have held under circumstances analogous to those present here that the district court should exercise its supplemental jurisdiction over state law claims when, after a defendant properly removes an action to federal court, the plaintiff amends its complaint as a tactic to deprive the defendant of the federal jurisdiction of which it properly availed itself through removal.  Plaintiff's motion and brief are premised entirely on the incorrect legal position that this Court *must* remand, omitting any acknowledgement of or argument regarding the Court's discretion in asserting jurisdiction over the remaining state-law claims.  Plaintiff has waived those arguments and cannot raise them for the first time in reply.

Finally, in addition to exercising its discretionary jurisdiction over Plaintiff's state-law claims, the Court has original jurisdiction over the Amended Complaint under 28 U.S.C. §§ 1331 because Plaintiffs' new claims of state-law misrepresentation and violation of Wisconsin Statute Section 100.18 against all Defendants are completely preempted by the Copyright Act of 1976.

For these reasons, and for the reasons set forth below, the Court should deny Plaintiff's Motion to Remand.

## Pertinent Facts, Allegations, and Procedural History

Plaintiff initiated this action by filing its Complaint in the Circuit Court of Dane County, Wisconsin, on October 16, 2020, case number 2020CV2173. (Compl. (dkt. #1-1).) Plaintiff's Complaint alleged seven claims:

- **<u>Claim I</u>** - Plaintiff alleged that all four Defendants violated the Lanham Act, 15 U.S.C. Section 1125(a), by engaging in various actions that Plaintiff claimed constitute "Unfair Competition" through the "Use of Word, Term, Name, Symbol, or Device Combination." (Compl. (dkt. #1-1) at p. 12 of 24.)  More specifically, Plaintiff alleged that the Defendants used a logo that is "starkly similar to the Creando logo" in ways that are "likely to, and does, cause confusion, or mistake as to the source of or association of CSC's services with Creando."  (*Id.* ¶ 50.) Plaintiff alleged other grounds for its Lanham Act claim, including that Defendants "have used and continue to use the CSC Logo on the internet and in advertising materials to advertise its [sic] services" (*id.* ¶ 55); that Creando "never granted license to any defendants to use the Creando Logo, including any portion or likeness thereof" (*id.* ¶ 56); and that "Defendants continue to use the Creando Logo to advertise services which are at least partially identical to those offered by Creando" (*id.* ¶ 58).

- **Claim II** - Plaintiff alleged that MSAC violated Wisconsin Statute S. 100.18 by "explicitly assur[ing] Creando that it [MSAC] would not host programs competitive with Creando" (Compl. (dkt. #1-1) ¶ 62) but that those assurances were false (*id.* ¶¶ 66, 68). Plaintiff further alleged that these assurances induced Creando "to allow Defendants and the public to tour Creando's new workspaces at 1716 Monroe Street" (*id.* ¶ 63); "to donate money to MSAC; host fundraisers for MSAC; and promote MSAC's capital campaign on Creando's social media sites" (*id.* ¶ 64); and "to share with Defendants its unique educational programming" (*id.* ¶ 65).

- **Claim III** - Plaintiff alleged that all Defendants engaged in unfair competition in violation of Wisconsin Statute § 100.20.

- **Claims IV, V, and VI** - Plaintiff alleged that MSAC engaged in common-law misrepresentation by representing to Plaintiff that MSAC "would not enter into direct competition with Creando next door to Creando's new 1716 Monroe Street address" (Compl. (dkt. #1-1) ¶¶ 80, 86, 92) although it was already "working to develop a partnership with CSC, Velma, and Gale to offer programming that would compete with Creando" (*id.* ¶¶ 81, 87, 93). Plaintiff alleged that MSAC's representations were false (*id.* ¶¶ 88, 93), and constitute negligent (Claim IV) and strict liability (Claim V) misrepresentation.  Plaintiff further alleges that MSAC's representations were made "with the intent to defraud Creando" (*id*. ¶ 95) and constitute intentional misrepresentation (Claim VI).

- **Claim VII** - Plaintiff alleged that MSAC "promised Creando that it would not engage in activities and programing [sic] that is competitive to Creando's programming" (Compl. (dkt. #1-1) ¶ 98), which "induced Creando to, among other things, provide financial support to

MSAC and assist MSAC with its capital campaign" (*id.* ¶ 100), causing Creando "substantial harm" (*id.* ¶ 102).

On November 4, 2020, Plaintiff moved in Dane County Circuit Court for temporary restraining order and temporary injunction. (Declaration of Douglas M. Poland ("Poland Decl.") ¶ 3.)  The circuit court judge held a scheduling conference on November 11 to set a date to hear Plaintiff's motion for injunction. (Poland Decl., Ex. 1.)  At that hearing, Defendants' counsel informed the Court and Plaintiff's counsel that Defendants intended to remove the case to federal court based on Plaintiff's assertion of its Lanham Act claim, further noting counsel's belief that the deadline to do so was November 19. (Poland Decl., Ex. 1 at 4:13-19, 6:7-25.)

In the wake of the November 11 hearing and Defendants' counsel's announcement of Defendants' intention to remove on November 19, Plaintiff did not amend its Complaint to drop its federal claim under the Lanham Act, which it could do as of right under Wisconsin law.  *See* Wis. Stat. § 802.09(1) ("A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed ….").  Instead, Plaintiff stood on its Complaint as filed and waited for Defendants to file their Notice of Removal.

Consequently, eight days later, on November 19 – just as Defendants' counsel had informed the circuit court and Plaintiff's counsel during the November 11 scheduling conference they intended to do – Defendants removed this action to this Court in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, based on Plaintiff's assertion of its Lanham Act claim. (Notice of Removal (dkt. #1); Compl. (dkt. #1-1) ¶ 6.)  Following removal to this Court, Defendants timely moved to dismiss Plaintiff's Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to plead Claims II, IV, V, VI, and VII with the

particularity required by Federal Rule of Civil Procedure 9(b). (*See* Defs' Mot. To Dismiss (dkt. #2); Br. in Supp. Of Mot. To Dismiss (dkt. #3).)

On December 21, 2020, rather than respond to Defendants' Motion to Dismiss, Plaintiff filed a First Amended Complaint. (Dkt. #7.) Plaintiff's Amended Complaint raises a new common-law misappropriation claim (Claim I) against all defendants; splits the single claim brought in the original Complaint under Wis. Stat. § 100.18 solely against MSAC into two separate claims, one of which (Claim II) is asserted against MSAC and the other of which (Claim III) is asserted against all Defendants; and raises new allegations in support of Plaintiff's Negligent, Strict Liability, and Intentional Misrepresentation claims (Claims IV, V, and VI) and its Promissory Estoppel claim (Claim VII). Three amendments have particular significance for purposes of Plaintiff's Motion to Remand.

**First**, Plaintiff made what it expressly alleges was a "strategic decision to abandon the Lanham Act claim in favor of the seven remaining state law claims." (Am. Compl. (dkt. #7) ¶ 4).) Plaintiff's Amended Complaint contends that the consequence of its "strategic decision" to drop its sole federal claim is to deprive this Court of subject matter jurisdiction over this action:

> As a result of Creando's decision not to replead its sole federal claim, the Western District of Wisconsin no longer has subject matter jurisdiction over this dispute, and it must be remanded for resolution by the Dane County Circuit Court.

(*Id.* ¶ 5; *see also id.* ¶ 1 ("This First Amended Complaint contains no causes of action arising under federal law, and thus deprives the Western District of Wisconsin of subject matter jurisdiction.").)

**Second**, although Plaintiff's Amended Complaint omits the Lanham Act claim, it retains many of the allegations on which that claim was based, and recasts those allegations as ones supporting its new state-law misappropriation claim (Claim I). For example, both Plaintiff's

Complaint and Amended Complaint allege a protectable intellectual property interest in Plaintiff's logo, which Plaintiff registered with the United States Patent and Trademark Office:

> Beginning in 2014, Creando regularly advertised its unique afterschool programming on websites and blogs.
>
> Included in this advertising, Creando made active and continuous use of its logo which is registered with the United States Patent and Trademark Office ("USPTO") under registration number 4563155.

(Compl. (dkt. #1-1) ¶¶ 13-14.)

> Since its creation, Creando has made active and continuous use of its logo and essential elements thereof in its branding and advertising. Creando's original logo is registered with the United States Patent and Trademark Office ("USPTO") under registration number 4563155 (the "Original Logo").

(Am. Compl. (dkt. #7) ¶ 25.)

And both Plaintiff's Complaint and Amended Complaint contain descriptions and depictions of Plaintiff's logo that it alleges Defendants misappropriated:

> Since at least 2014, Creando has made use of a logo with a balloon rising on a string above the word "Creando", which means "creating" in Spanish (the "Creando Logo" as pictured below).

(Compl. (dkt. #1-1) ¶ 48.)

> The Original Logo consisted of the word Creando, meaning "creating" in Spanish, in large print, with the words Little Language Explorers beneath it. To the right of this text, the logo includes a round balloon rising on a string above the text, being held by a small girl.
>
> Although the essential elements have remained the same, over the years Creando has used variations of its original logo in association with its branding and advertising. Two such variations include the following:
>
> As noted above, the essential elements of the logo employed by Creando since 2014 are the use of the word "Creando" in large print, with a balloon rising on a string over the top of the text.

(Am. Compl. (dkt. #7) ¶¶ 26, 27, 56.)

Moreover, Count I (misappropriation) of Plaintiff's Amended Complaint, like Count I of Plaintiff's Complaint (Lanham Act violation), seeks to hold Defendants liable for allegedly copying Plaintiff's logo and using it in their own advertising to suggest a connection with Plaintiff's business.  (*See* Am. Compl. (dkt. #7) ¶¶ 57-58, 60-62; Compl. (dkt. #1-1) ¶¶ 49-58.)  In addition, Plaintiff seeks injunctive relief in its Amended Complaint that would enjoin Defendants from:

> using, reproducing, creating, distributing, or publicly displaying any of Creando's logos or branding, including without limitation its service marks, logos, or trade dress, including the essential elements there of [sic], in the advertising (including on the Internet), promotion, or rendering of its services; …

(Am. Compl. (dkt. #7) at 30).) Plaintiff's original Complaint sought essentially the same relief: an injunction preventing Defendants from:

> using, reproducing, creating, distributing or publicly displaying any of Creando's marks, names, logos or trade dress, including any colorable imitation of Creando's marks and distinct educational programming and teaching methodology, in the advertising (including on the Internet), promotion, or rendering of its services; …

(Compl. (dkt. #1-1) at p. 20 of 24.)

*Third*, in addition to alleging a protectable interest in its logo and branding that Defendants misappropriated, Plaintiff's Amended Complaint alleges that Plaintiff has a protectable interest in its website, and in a particular web page, that Defendants also misappropriated.  More specifically, Plaintiff alleges that Defendants "also sought to capitalize on Creando's branding by launching a website that mimicked the format, style, and language of Creando's."  (Am. Compl. (dkt. #7) at 17.)  The Amended Complaint includes what appear to be screenshots comparing pages from the "Creando" and "MSAC and CSC" websites, although the Amended Complaint does not identify their provenance.  (*Id.*)  The screenshots pasted in Plaintiff's Amended Complaint are incomplete,

however, and cut off the bottom of the page on which the images appear.  When viewed in full, the page of Plaintiff's website depicted in Plaintiff's Amended Complaint includes language at the bottom that is significant for the purposes of Plaintiff's Motion to Remand: "© 2020 by Creando Little Language Explorers LLC".  (Poland Decl. ¶¶ 5-6, Ex. 2.)

As part and parcel of its "strategic decision" to drop its Lanham Act Claim so that it could pursue its "seven remaining state law claims" in state court, Plaintiff also simultaneously moved to remand the action to Dane County Circuit Court, citing the lack of a federal cause of action in its Amended Complaint as requiring this Court to remand. (*See* Mot. To Remand (dkt. #9); Br. in Supp. Of Mot. To Remand (dkt. #10).)  Defendants respectfully submit this Brief in opposition to Plaintiff's Motion to Remand.

**Argument**

**I.    This Court has subject matter jurisdiction over this action even under the Amended Complaint.**

Plaintiff's Motion to Remand is premised on two legal contentions, both of which are meritless.  ***First***, Plaintiff contends that because "the amended complaint contains no federal claims . . . this Court lacks subject matter jurisdiction." (Br. at 1.) Wrong.  ***Second***, Plaintiff argues that "[b]ecause the court no longer has subject matter jurisdiction, this matter ***must*** be remanded pursuant to 28 U.S.C § 1447(c)." (*Id.* at 3 (emphasis added).)  Wrong again. That is not the law in this Circuit, and has not been for decades.  As demonstrated below, upon Defendants' removal of this action from Dane County Circuit Court, this Court had subject matter jurisdiction over all of Plaintiff's claims, including supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.  Moreover, Plaintiff's "strategic decision" to drop its sole federal claim in its Amended Complaint does not deprive this Court of subject matter jurisdiction going forward; the Court's jurisdiction was established at the time of removal, and it continues now.

**A.     The Court obtained subject matter jurisdiction over this entire action, including Plaintiff's state-law claims, upon Defendants' timely and proper removal of this action on November 19.**

Whether subject matter jurisdiction exists in a case removed to federal court "is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed*." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (emphasis in original); *accord In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."). When an action filed in state court is removed to federal court because it contains a claim arising under a federal statute, the federal court has subject matter jurisdiction over the federal claim under 28 U.S.C. § 1331, and has supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

Here, this Court indisputably had subject matter jurisdiction over Plaintiff's Complaint at the time of removal, including original jurisdiction over Plaintiff's Lanham Act claim (Claim I) under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims (Claims II-VII) under 28 U.S.C. § 1367(a). Claim I of Plaintiff's Complaint was brought under the Lanham Act, a federal law, 15 U.S.C. § 1125(a), and therefore provided this Court with subject matter jurisdiction over the action. *See* 28 U.S.C. § 1331. Moreover, Claims II-VIII of Plaintiff's Complaint were so related to Plaintiff's Lanham Act claim that they formed "part of the same case or controversy." Plaintiff expressly alleged that its entire action arises under both federal and state law: "This action arises under the trademark law of the United States, 15 U.S.C. § 1051 *et seq.*, and the laws of the State of Wisconsin and is a Complaint for trademark infringement, deceptive trade practices under Wis. Stat. § 100.18, unfair competition under Wis. Stat. § 100.20, common

10

law misrepresentation, and promissory estoppel." (Compl. (dkt. #1-1) ¶ 6.)  Moreover, just as another district court in this Circuit recently held, Plaintiff "re-alleged and re-asserted the same portion of the complaint used to describe the conduct that formed the basis of … the state-law claims" to allege its Lanham Act claim (*see id.* ¶¶ 47, 60, 72, 79, 85, 91, 97), "so this Court has supplemental jurisdiction over the state law claims." *Mirror Finish PDR, LLC v. Cosmetic Car Co. Holdings, Inc.*, No. 20-CV-00440-NJR, 2020 WL 4569459, at *2 (S.D. Ill. Aug. 7, 2020); *see also Austwick v. Board of Educ. Of Twp. High School Dist. #113*, 555 F. Supp. 840, 842 n.1 (N.D. Ill. 1983).

Defendants' Notice of Removal expressly identified 28 U.S.C. § 1367 as supplying this Court's supplemental jurisdiction over Plaintiff's state-law claims. (Notice of Removal (dkt. #1) ¶ 5.)  Notably, Plaintiff never objected to removal or to this Court's assertion of supplemental jurisdiction over the state-law claims asserted in Plaintiff's Complaint.  Accordingly, this Court obtained jurisdiction over this entire action at the time that Defendants removed the case to this Court on November 19.  *See, e.g., Mirror Finish*, 2020 WL 4569459, at *1.

### B. Plaintiff's amendment of its Complaint to drop its sole federal claim under the Lanham Act does not defeat this Court's subject matter jurisdiction.

Plaintiff's attempt to defeat federal jurisdiction by amending its Complaint to drop its sole federal claim – its claim alleging that Defendants violated the Lanham Act – fails under well-established authority. It has been the law in this Circuit for nearly 40 years that where a complaint is properly removed from state court to federal court based on the assertion of a claim arising under a federal statute, "removal is not defeated by the fact that, after the case is removed, the plaintiff files a new complaint, deleting the federal claim or stating that a claim is not removable."

*Hammond v. Terminal RR Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989).[1]

Plaintiff is hardly the first litigant to assert that 28 U.S.C. § 1447(c) **necessitates** remand to the state court where a plaintiff's post-removal amendment of its complaint eliminates all federal claims. As the case law demonstrates, that argument has been raised and rejected many times before courts in this Circuit. For example, in *Anderson v. Aon Corporation*, 614 F.3d 361 (7th Cir. 2010), the Seventh Circuit addressed a plaintiff's appeal of a district court order dismissing its complaint. The plaintiff had filed its action in California state court and included a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68. The defendants removed to federal court. One month later, the plaintiff dismissed his RICO claim and moved to remand. Instead of remanding, the California federal court transferred the action to federal court in Illinois, where the district court dismissed the complaint for failure to state a claim. *Id.* at 363. On appeal, the plaintiff challenged the denial of his remand motion. Writing for the panel, Judge Easterbrook held as follows:

> Anderson's lead argument on appeal is that, once he withdrew the RICO claim, federal jurisdiction vanished and 28 U.S.C. § 1447(c) obliged the court to remand. ... But if there is federal jurisdiction on the date a suit is removed – as there was in this suit – the final resolution of the claim that supported the suit's presence in federal court **does not necessitate remand**. The district court may retain jurisdiction under 28 U.S.C. § 1367(a), which says that federal

---

[1] *Accord In re Burlington Northern Santa Fe*, 606 F.3d at 381 ("Even in cases filed originally in federal court, later changes that compromise diversity do not destroy jurisdiction."); *Gossmeyer*, 128 F.3d at 487-88 ("Once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal."). As one district court judge in this Circuit put it when faced with similar circumstances to those present here:

> The question, then, is whether an action that was properly removed on the basis of the allegations of the complaint at the time the removal notice was filed should be remanded because the plaintiff amended the complaint after the removal notice to delete the federal claims that had served as the basis for removal. The Seventh Circuit has said that the answer is no.

*In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1198, 1201 (S.D. Ind. 2001) (citing *Hammond*, 848 F.2d 95).

> courts "have supplemental jurisdiction over all other claims that are
> so related to claims [within the original jurisdiction] that they form
> part of the same controversy". [Plaintiff's] claims under California
> law arise from the same transactions that underlay his RICO claim,
> so the district court had supplemental jurisdiction.

*Id.* at 364 (citation omitted) (emphasis added); *accord Townsquare Media, Inc. v. Brill* 652 F.3d 767, 773 (7th Cir. 2011) ("[I]f the case has been removed to federal court and the defendant opposes the remand, as in this case, dismissal is no longer mandatory … .").

A recent district court decision provides another on-point example of why this Court retains its jurisdiction in spite of Plaintiff's amendment dropping its Lanham Act claim. In *Mirror Finish PDR, LLC v. Cosmetic Car Co. Holdings, Inc.*, a district court considered a plaintiff's motion to remand a case that had been filed in Illinois state court and then removed to federal court based on the plaintiff's assertion of a RICO claim. 2020 WL 4569459, at *1. Just as in this case, after removal, the plaintiff amended its complaint to drop its federal claim, and moved to remand. Analyzing the jurisdictional issue, the court noted that to allege its federal RICO claim, "Plaintiffs re-alleged and re-asserted the same portion of the complaint used to describe the conduct that formed the basis of Counts I-VI, the state law claims." *Id.* The court further observed that "[t]here is no doubt, and Plaintiffs have put forward no argument otherwise, that Plaintiffs' state law claims arise from the same business arrangement and conduct underlying their RICO claim, so this Court has supplemental jurisdiction over the state law claims." *Id.* at *2. So it is here. As described above, Plaintiff's federal and state-law claims in its Complaint relied on the same allegations and alleged conduct, and sought the same relief, and Plaintiff never has argued that its state-law claims arise from the same alleged misconduct and allegations as its Lanham Act claim.[2]

---

[2] There are many other decisions by courts in this Circuit that are to the same effect, and stand for the same principles. To cite just a few more: *Prince v. Rescorp Realty*, 940 F.2d 1104, 1105 n.2 (7th Cir. 1991) (holding that "subject matter jurisdiction would exist because, at the time [defendant] petitioned for removal, [plaintiff] had not yet amended his complaint and the federal claim was still alive," and that federal jurisdiction continued even after plaintiff abandoned

In sum, the well-established law in this Circuit refutes Plaintiff's *sole* argument raised in its Motion to Remand – that this Court *must* remand this action to state court because its Amended Complaint no longer includes a federal claim.  Plaintiff's failure to set forth *any* other arguments or grounds supporting its motion bars Plaintiff from raising any new arguments in reply.  *See, e.g., Darif v. Holder,* 739 F.3d 329, 336-37 (7th Cir. 2014), *reh'g and reh'g en banc denied*; *James v. Sheahan,* 137 F.3d 1003, 1008 (7th Cir. 1998); *Framsted v. Municipal Ambulance Serv., Inc.*, 347 F. Supp. 2d 638, 653 (W.D. Wis. 2004);  *Doucette v. Minocqua, Hazelhurst and Lake Tomahawk Joint School Dist. No. 1*, No. 07–cv–292–bbc, 2008 WL 2412988, at *5 (W.D. Wis. June 12, 2008).  Consequently, the Court should base its ruling solely on the considerations that Defendants set forth below based on the controlling case law and proper legal standard by which to evaluate Plaintiff's motion.

## II.    The Court should exercise its discretion to assert jurisdiction over the state law claims in Plaintiff's Amended Complaint.

As noted above, Plaintiff's amendment of its original Complaint to remove all federal claims from this action does not *require* this Court to remand. Rather, a district court has discretion to retain jurisdiction or to remand in such circumstances, based on its consideration of factors

---

his federal claim), *reh'g and reh'g en banc denied*; *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1202 ("[W]e conclude that the [plaintiffs'] elimination of their federal claims by amendment filed after the notice of removal does not warrant the remand of the action to state court."); *Austwick v. Board of Educ. Of Twp. High School Dist. #113*, 555 F. Supp. 840, 842 (holding that "[a]n action, once removed, may be remanded only if there was no subject matter jurisdiction at the time removal was granted" and that "[r]emoval of this action was proper when effected," and denying plaintiff's motion to remand based on his amendment of his complaint to drop his federal claims); *Secrease v. Western & Southern Life Ins. Co.*, No. 1:15-cv-00742-SEB-MJD, 2015 WL 7096295, at *5 (S.D. Ind. Nov. 12, 2015) (commenting that "once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal" and denying plaintiff's motion to remand after amending his complaint to drop his federal claims); *Firth v. Chupp*, Nos. 3:09-CV-512-PPS-CAN, 3:10-CV-68-PPS-CAN, 2010 WL 2346335, at *2 (N.D. Ind. June 9, 2010) (where plaintiff filed unfair competition action in state court and defendant removed based on plaintiff's inclusion of copyright claim, plaintiff's "elimination of their federal claim … does not affect this Court's jurisdiction over the case").

including economy, convenience, fairness, comity, and the conduct of the parties.  The Seventh Circuit and many district courts in this Circuit have held under circumstances analogous to those present here that the district court should exercise its supplemental jurisdiction over state law claims when a plaintiff amends its complaint post-removal in an attempt to deprive a defendant of the federal jurisdiction of which it properly availed itself.  As shown below, these considerations weigh strongly in favor of the Court retaining jurisdiction over this action. Moreover, by failing to identify the proper legal standard governing its Motion to Remand, and failing to raise or develop any considerations weighing against this Court's exercise of its discretion to retain jurisdiction or in favor of its exercise of discretion to remand, Plaintiff has waived those arguments and cannot raise them for the first time in reply. *See* cases cited *supra* p. 14.

A.      **Applicable Legal Standard.**

When a plaintiff in a case that has been properly removed amends its complaint so that the operative complaint no longer includes a federal claim, the district court has discretion whether to exercise subject matter jurisdiction over the remaining state law claims under its statutory authority of supplemental jurisdiction under 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— … the district court has dismissed all claims over which it has original jurisdiction …."); *Carlsbad Technology*, 556 U.S. at 639 ("A district court's decision whether to exercise [subject matter] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *Secrease*, 2015 WL 7096295, at *6 ("The Court, of course, has the discretion to remand the case based on Plaintiff's Amended Complaint, which no longer explicitly includes a federal claim.").

When exercising its discretion to retain jurisdiction over state law claims, a district court considers "fairness, comity, and judicial economy, including whether the motion to remand was

based on a tactical dismissal of the federal claim on which removal was based." *Secrease*, 2015 WL 7096295, at \*6 (*citing Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988)); *accord Mirror Finish*, 2020 WL 4569459, at \*1; *Firth*, 2010 WL 2346335, at \*2. In particular, where a plaintiff amends its complaint after a defendant properly removes an action to federal court and drops its federal claim in an attempt to avoid federal jurisdiction, a district court should "be on alert to guard against forum manipulation," *Secrease*, 2015 WL 7096295, at \*6, and "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account" in determining whether to retain jurisdiction, *Cohill*, 484 U.S. at 357.

**B.     The factors the Court must consider in exercising its discretion to retain jurisdiction or remand this action weigh strongly in favor of retaining jurisdiction.**

Applying the factors that the Court considers in exercising its discretion to retain jurisdiction over Plaintiff's Amended Complaint or to remand this action to state court weigh strongly in favor of the Court retaining jurisdiction.

One of the most significant considerations cited by the Seventh Circuit and many district courts for retaining jurisdiction over supplemental state law claims is the deliberate attempt of a plaintiff to defeat federal jurisdiction over a properly removed action by amending the complaint after removal to eliminate the federal claim. Dubbed the "forum manipulation rule," this doctrine has been cited repeatedly in circumstances like those before the Court now as a basis for denying a motion to remand. As the Seventh Circuit has cautioned, "though it is sometimes possible for a plaintiff who sues in federal court to amend away jurisdiction, removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction." *In re Burlington Northern Santa Fe*, 606 F.3d at 381. The U.S. Supreme Court, Seventh Circuit, and district courts in this Circuit have, for decades, applied the forum manipulation rule to refuse to remand to state court a case properly removed by a defendant when

a plaintiff seeks to deprive the removing defendant of its right to have the claims against it adjudicated in federal court.  The Seventh Circuit has described the forum manipulation rule as follows:

> [If] the case has been removed to federal court and the defendant opposes the remand, as in this case, dismissal is no longer mandatory – that is the "forum manipulation" exception recognized in *Rockwell International*, see 549 U.S. at 474 n.6, 127 S. Ct. 1397; see also *In re Burlington Northern Santa Fe Ry.*, 606 F.3d 379, 380-81 (7th Cir. 2010) (per curiam). For then it is a case not just of the plaintiff's abandoning his federal claims but of his seeking to deprive the defendant of the opportunity to defend the remaining claims in the court that obtained jurisdiction of the case on the defendant's initiative. That is called pulling the rug out from under your adversary's feet.

*Townsquare Media*, 652 F.3d at 773; *accord Brown v. Calamos*, 664 F.3d 123, 131 (7th Cir. 2011) (amending complaint after removal to delete language giving rise to federal jurisdiction "is contrary to the 'forum manipulation' rule").

The policies behind application of the forum manipulation rule closely track the factors that a district court considers in determining whether to exercise its discretionary jurisdiction over state-law claims:

- ***Fairness***.  The case law recognizes that where a plaintiff makes a deliberate choice to include a federal claim in its complaint filed in a state court, the plaintiff runs the risk of removal.  *Austwick*, 555 F. Supp. at 842.  Moreover, a defendant in such a case has a statutory right to remove, and the fairness to the defendant's interests must be taken into account. *Anderson*, 614 F.3d at 364 ("[Plaintiff] evidently wanted to try yet again in state court. Defendants should not be hectored in this fashion. [Defendant] is entitled to a decision."); *Austwick*, 555 F. Supp. at 842. Consequently, "[i]f a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation … cannot be condoned." *Austwick*, 555 F. Supp. at 842.

- ***Judicial Economy***. The Seventh Circuit has observed that "keeping the case minimizes the expense and delay caused by shuttling a case from court to court," and therefore fosters the policy of judicial economy.  *In re Burlington Northern Santa Fe*, 606 F.3d at 381; *see also Anderson*, 614 F.3d at 364 ("By resolving the

state-law claims, the district court sensibly prevented [plaintiff] from needlessly multiplying and prolonging the proceedings."); *Prince*, 940 F.2d at 1105 n.2 (holding that "a pragmatic approach to jurisdiction" and "concerns of judicial economy and tactical manipulation" required the exercise of federal jurisdiction where the plaintiff "abandoned the federal claim and elected to proceed with the state claim" after removal).

Applying these factors to Plaintiff's Amended Complaint makes it abundantly clear that the Court should exercise its discretion to retain jurisdiction over this action.

*First*, the consideration of fairness points strongly toward retaining jurisdiction. Plaintiff intentionally included a claim under a federal statute, the Lanham Act, in its original Complaint it filed in state court. (Compl. (dkt. #1-1) ¶ 6, p. 12 of 24.)  Plaintiff further alleged in its Complaint that all of its state-law claims "reallege[] and incorporate[] by reference" the very same allegations on which its Lanham Act claim was premised.  (Compl. (dkt. #1-1) ¶¶ 47, 60, 72, 79, 85, 91, 97.) Plaintiff knew that its Complaint potentially was removable based on its assertion of its Lanham Act claim, and it chose to include that claim anyway. That factor weighs in favor of this Court exercising jurisdiction over the Amended Complaint  *See Austwick*, 555 F. Supp. at 842; *Firth*, 2010 WL 2346335, at *2 ("If [plaintiff] valued a state court forum more than their federal claim, they should have made that decision at the time of filing.").

Further, Plaintiff made the admittedly "strategic decision" to amend its Complaint to drop its Lanham Act claim, in conjunction with moving to remand, in an attempt to regain the state forum.  (Am. Compl. (dkt. #7) ¶ 4.)  This exact kind of tactical maneuvering – amending a complaint post-removal to drop all federal claims in an attempt to regain the state forum – is the "forum manipulation" that the Seventh Circuit and district courts in this Circuit repeatedly have held should cause a district court to deny a motion to remand.  *See Brown*, 664 F.3d at 131; *Townsquare Media*, 652 F.3d at 773; *Anderson*, 614 F.3d at 365; *In re Burlington Northern Santa Fe*, 606 F.3d at 381; *Prince*, 940 F.2d at 1105 n.2; *Bassett v. Subaru-Isuzu Auto., Inc.*, 948 F. Supp.

811, 813, 815 (N.D. Ind. 1996); *Austwick*, 555 F. Supp. at 842; *Mirror Finish*, 2020 WL 4569459, at *2; *Secrease*, 2015 WL 7096295, at *5; *Arellano v. GIMECO, S.R.L.*, No. 10 C 7455, 2011 WL 1337136, at *2 (N.D. Ill. Apr. 7, 2011); *Firth*, 2010 WL 2346335, at *2.

Moreover, counsel for Defendants expressly informed the circuit court judge and Plaintiff's counsel on November 11, 2020, that Defendants intended to remove the action to federal court on November 19. (*See* Poland Decl., Ex. 1, at 4:13-19, 6:7-25.) If Plaintiff wanted to avoid removal to this Court, it could easily have done so. It had eight days to amend its Complaint to drop its Lanham Act claim, which it had the right to do as a matter of course. *See* Wis. Stat. § 802.09(1). Instead, Plaintiff made the deliberate choice ***not*** to amend its Complaint while the action remained in the circuit court, nor to object to Defendants' stated intent to remove, and instead knowingly allowed Defendants to remove the action to this Court. As the district court observed in *Austwick*, if the state forum was so important to Plaintiff in this action, it should have amended its Complaint ***before*** Defendants removed the action to this Court. 555 F. Supp. at 842.

The fairness consideration not only cuts against Plaintiff, but in favor of Defendants. Defendants' counsel were transparent about Defendants' intent to remove the case to this Court while the case remained in the circuit court. Obviously, preparing and filing a notice of removal, and then responding to the Complaint once removed, was not without financial cost to Defendants. Only ***after*** Defendants went to the expense of preparing and filing their removal papers and a formidable motion to dismiss in this Court did Plaintiff decide that it did not really care to pursue its Lanham Act claim after all, and dropped it in what it acknowledges was a "strategic decision" to obtain a remand to state court. (Am. Compl. (dkt. #7) ¶ 4.) To allow Plaintiff to regain the state forum that it willingly gave up by not amending its Complaint in the circuit court when it had the opportunity to do so, through its unilateral decision to amend its Complaint to drop its federal

claim only *after* Defendants moved to dismiss, would be to unfairly and ***doubly*** penalize Defendants. It not only would render for naught Defendants' expenditure on a significant motion to dismiss in this Court, but would deprive Defendants of their right to a federal forum. It would further unfairly reward Plaintiff, which was the least cost avoider in this circumstance. *See* Richard A. Posner, *Economic Analysis of Law* 564 (2d ed. 1992) ("[E]very expenditure decision by one party affects the expenditure decision of the other, by altering the probability and hence expected value of an outcome favorable to the other …."); *see also Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 498 (7th Cir. 2007); *Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 743 (7th Cir. 1999).

The Court's consideration of fairness consequently weighs heavily in favor of the Court exercising jurisdiction here. *See, e.g., Brown*, 664 F.3d at 131 (holding that district court properly exercised jurisdiction because plaintiff's amendment to defeat jurisdiction "is a case not just of the plaintiff's abandoning his federal claims but of his seeking to prevent the defendant from defending in the court that obtained jurisdiction of the case on his initiative"); *Austwick*, 555 F. Supp. at 842 ("A federal forum for federal claims is certainly a defendant's right.").

***Second***, the consideration of economy and convenience weigh strongly in favor of the Court retaining jurisdiction over the Amended Complaint. Plaintiff had the opportunity to ensure that this action was adjudicated solely in the circuit court. It could have done that by electing not to plead a Lanham Act in its original Complaint. It then could have avoided federal jurisdiction by dropping its Lanham Act claim in the eight days between the date it learned that Defendants intended to remove to this Court and the date on which Defendants filed their Notice of Removal. Again, it elected to continue to assert its federal claim. This action has now been pending in this Court 53 days, whereas it was pending before the state court for just 34 days. Moreover, there

has been substantial motion practice and development of the claims before this Court – including Defendants' Motion to Dismiss, Plaintiff's filing of its Amended Complaint, Plaintiff's Motion to Remand, and Defendants' Motion to Extend its deadline to respond to the Amended Complaint, as compared to a single motion filed in the state court to which no response was filed before the case was removed to this Court.

Moreover, Defendants have already expended substantial resources preparing and filing their Motion to Dismiss Plaintiff's original Complaint. To the extent Defendants file either a supplemental brief or a new brief in support of a motion to dismiss the Amended Complaint, it would be far more efficient and less costly for Defendants to prepare and file a motion to dismiss in this Court than to do so in state court should the case be remanded. Defendants already performed the research of federal law that will govern a motion to dismiss the Amended Complaint in this Court, and much of the legal research and written work product that Defendants produced in preparing its motion to dismiss the Complaint can be re-used in this forum. Were the case to be remanded and a motion to dismiss briefed in that forum, Defendants would be required to start anew in researching and preparing a motion to dismiss and brief in support solely under Wisconsin procedural law.

In addition, retaining jurisdiction in this Court will result in the adjudication of this action in a shorter period of time than if the case were remanded to the state court.  Plaintiff already has used its single amendment as of right in this Court, and has no amendments of right remaining. By contrast, if the case were to be remanded to the state court, Plaintiff could seek to further amend its Amended Complaint, and Defendants would then be required to respond to yet another complaint.

Furthermore, this case already has been in the state court and is now before this Court. To send it back to the state court again, especially where it is the ***plaintiff*** that ***twice*** through its own deliberate action or inaction determined that this Court would have jurisdiction, would promote the type of "expense and delay caused by shuttling a case from court to court" that the Seventh Circuit has held is behind the "general rule … that nothing filed after a notice of removal affects jurisdiction." *In re Burlington Northern Santa Fe*, 606 F.3d at 381.

Accordingly, considerations of economy and convenience weigh strongly in this Court retaining jurisdiction over the Amended Complaint, just as courts in this Circuit have in many other similar situations. *See Anderson*, 614 F.3d at 365; *In re Burlington Northern Santa Fe*, 606 F.3d at 381; *Prince*, 940 F.2d at 1105 n.2; *Bassett*, 948 F. Supp. at 815; *Austwick*, 555 F. Supp. at 842; *Mirror Finish*, 2020 WL 4569459, at *2; *Firth*, 2010 WL 2346335, at *2.

***Third***, the state-law claims that Plaintiff asserts – common-law misappropriation, claims under Wisconsin Statute Section 100.18, common-law misrepresentation, and promissory estoppel – are not unique or unusual claims that involve novel issues of Wisconsin law. Consequently, comity does not weigh in favor of remand.

The factors that the Court considers in determining whether to exercise its discretionary jurisdiction over Plaintiff's Amended Complaint weigh strongly in favor of the Court retaining jurisdiction. The on-point authority in this Circuit is as compelling as it is substantial: in cases such as this, where the plaintiff deliberately includes a federal claim in a complaint filed in state court, the defendant removes, and then the plaintiff amends post-removal in an attempt to defeat the defendant's right to invoke the federal jurisdiction that the plaintiff created, district courts should deny a motion to remand. This Court should join the long line of authority so holding.

**III.    The Court also has original jurisdiction over the Amended Complaint because Plaintiff's new state-law claims for misappropriation (Claim I) and violation of Wisconsin Statute Section 100.18 (Claim III) against all Defendants are completely preempted by the Copyright Act of 1976.**

Although Plaintiff attempted to negate this Court's subject matter jurisdiction by amending its Complaint to remove all federal claims and moving to remand (as shown above, an errant strategy), the new allegations it chose to include in its Amended Complaint actually ***establish*** this Court's original jurisdiction and therefore provide an additional (and non-discretionary) basis for the Court to continue to exercise jurisdiction over this action. Plaintiff alleges that Defendants misappropriated its intellectual property, including the design of Plaintiff's logo, and by "launching a website that mimicked the format, style, and language of Creando's." (Am. Compl. (dkt. #7) ¶¶ 26, 27, 56, 59.) As noted above, Plaintiff's website affixed the wording "© 2020 by Creando Little Language Explorers LLC" at the bottom of the *very* page on Plaintiff's website that its Amended Complaint asserts Defendants misappropriated. (*See* Am. Compl. (dkt. #7) ¶ 59; Poland Decl. ¶¶ 5-6, Ex. 2.) Plaintiff has therefore expressly asserted a copyright over the website and specific web page it alleges in its Claims I (misappropriation) and III (violation of Wis. Stat. § 100.18) Defendants misappropriated. (Am. Compl. (dkt. #7) ¶¶ 59, 77, 78, 80.) Where a plaintiff asserts a claim of legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 of the 1976 Copyright Act, over works within the subject matter of copyright as specified by Sections 102 and 103, those rights are exclusively governed by federal law. Plaintiff is not entitled to any such rights under the common law or statutes of any state. 17 U.S.C. § 301. Consequently, the doctrine of complete preemption applies to Claims I and III of Plaintiff's Amended Complaint and converts those state-law claims into a federal claim, giving this Court original jurisdiction over the entire action.

Under the well-pleaded complaint rule, a complaint may raise a federal question, giving rise to federal jurisdiction, in at least one of two ways: 1) by asserting a federal cause of action; or 2) by "presenting state-law claims that 'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Griffin v. New York State Nurses Ass'n Pension Plan and Benefits Fund*, No. 10-CV-824, 2010 WL 11632766, at *2 (E.D.N.Y. May 7, 2010) (internal quotes and citations omitted). "[A] state-law claim may satisfy the 'arising under' jurisdictional test if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance." *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018) (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The complete preemption doctrine is "an 'independent corollary' to the well-pleaded complaint rule" that "can 'convert[] an ordinary state common law complaint into one stating a federal claim.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) and *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). In the context of federal copyright law, the complete preemption doctrine under 17 U.S.C. §301 applies where two elements are present: (1) an original work of authorship, in a fixed tangible form, that comes under the subject matter of copyright under Section 102 or 103; and (2) the assertion of a right equivalent to any of the rights specified in Section 106. *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). Both elements are satisfied here.

*First*, Plaintiff asserts an original work of authorship, in fixed tangible form, that falls within the subject matter of copyright under 17 U.S.C. §§ 102 or 103. Under 17 U.S.C. § 102, an author, or copyright owner in the case of works made for hire, is entitled to the exclusive rights to any of the following original works of authorship fixed in tangible form: (1) literary works; (2)

musical works, including any accompanying words; (3) dramatic works, including any accompanying music; (4) pantomimes and choreographic works; (5) pictorial, graphic, and sculptural works; (6) motion pictures and other audiovisual works; (7) sound recordings; and (8) architectural works. 17 U.S.C. § 102. The author also owns the copyright to any compilations and derivative works of such original works of authorship. 17 U.S.C. § 103.

Plaintiff claims rights to its logo and derivative versions of its logo, as well its website's format, style, and language. (Am. Compl. (dkt. #7) ¶¶ 26, 27, 56, 59.)  Per Plaintiff's allegations, both its logo and its website format, style, and language are original works in fixed tangible forms under 17 U.S.C. § 102. "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).  The logo and its derivatives are pictorial works under the definition in 17 U.S.C. § 101, and the website is a collective work as defined in Section 101 containing both graphic work and literary work, as Plaintiff claims rights to both the visual presentation of the website and the language it contains. (*See* Poland Decl., Ex. 3 at 2-3 (website text is copyrightable, and web page or entire website are copyrightable "if it satisfies the statutory requirements for a compilation or collective work").) In fact, as noted above, by affixing the express wording "© 2020 by Creando Little Language Explorers LLC" at the bottom of the ***very*** web page Plaintiff's Amended Complaint asserts Defendants misappropriated (*see* Poland Decl. ¶¶ 5-6, Ex. 2), Plaintiff has expressly asserted its copyright over its website and the specific web page it alleges Defendants misappropriated. (Am. Compl. (dkt. #7) ¶¶ 59, 77, 78, 80.) The first condition for preemption is, therefore, satisfied.

**Second**, Plaintiff's Amended Complaint asserts rights equivalent to rights specified in Section 106. Section 106 enumerates the following rights reserved exclusively to the owner of the copyright, which may only be exercised by the copyright owner, or by license:

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. Section 106 sets forth five exclusive and fundamental rights: reproduction, adaptation, publication, performance, and display. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005). "To avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law." *Id.* Stated differently, the state law must protect rights other than those five rights under 17 U.S.C. § 106.

Plaintiff makes two preemptable claims. The first, Claim I, alleges that Defendants "misappropriated all or some of Creando's branding…to themselves," and that "Creando is likely to continue suffering damage in the absence of an order barring the defendants from continuing to use the misappropriated logo, branding, and elements of the [Five Senses Learning Approach]." (Am. Compl. (dkt. #7) ¶ 81.) Plaintiff asserts its rights to its original logo, and all variations that it has used in associations with its branding. Per the amended complaint, all these derivative versions of the logo use the same common and essential elements, "consisting of the word 'Creando' in

26

large print together with the image of a round balloon rising on a string above the text." (Am. Compl. (dkt. #7) ¶¶ 26, 27, 28.) Plaintiff then alleges that Defendants "unveiled a logo that is deceptively similar to the logos used by Creando, specifically incorporating the essential elements thereof…" (Am. Compl. (dkt. #7) ¶ 55.) The elements of Plaintiff's claim are based on nothing more than alleged improper copying of work that plaintiff invested time and money creating. While there are additional elements of misappropriation under Wisconsin law, they do not add anything of substance beyond the elements of a copyright claim. That is sufficient to preempt the state law claim. *Through the Door Inc. v. J.C. Penney Co.*, No. 06-C-540-S, 2007 WL 2265781, at *3 (W.D. Wis. Mar. 28, 2007).

It is also not necessary for Plaintiff's state-law claims to be preempted for Plaintiff to assert a copyright claim or for the work itself to be copyrightable. "[T]he Copyright Act can preempt state law even when the rights are claimed in uncopyrighted or uncopyrightable materials." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 501 (7th Cir. 2011) (citing *Baltimore Orioles*, 805 F.2d 663 at 676).

Further, Plaintiff's claims alleging that Defendants misappropriated the Five Senses Learning Approach do not prevent preemption. Section 301 preemption bars state-law misappropriation claims with respect to uncopyrightable as well as copyrightable elements. *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997). Plaintiff claims its Five Senses Learning Approach is a key element to its branding, as the Creando logo and its essential elements are directly associated with the Five Senses Learning Approach. Plaintiff alleges and bases its claims on the very fact that the after-school programs are Creando's reputation. (Am. Compl. (dkt. #7) ¶¶ 29, 32.) Plaintiff's logo and teaching methodology are inextricably intertwined in its branding. Thus, the two cannot be disconnected. *See Harper & Row Publishers, Inc. v. Nation*

*Enters.*, 723 F.2d 195, 200 (2d Cir. 1983) ("The fact that portions of the Ford memoirs may consist of uncopyrightable material, an issue discussed below, does not take the work as a whole outside the subject matter protected by the Act."), *rev'd on other grounds*, 471 U.S. 539 (1985). Further, once an uncopyrightable work is put into tangible form, it too is subject to preemption under Section 301. *See Baltimore Orioles*, 805 F.2d at 675. Plaintiff itself concedes that it has reduced its Five Senses Learning Approach to writing in a number of forms: paper literature, Creando's website, and social media. (Am. Compl. (dkt. #7) ¶ 67.)

Plaintiff's second claim of deceptive trade practices under Wisconsin Statute Section 100.18, Claim III, is also preempted by the Copyright Law. The Amended Complaint alleges that Defendants "sought to capitalize on Creando's branding by launching a website that mimicked the format, style, and language of Creando's." (Am. Compl. (dkt. #7) ¶ 59.) In Claim III, Plaintiff further alleges that Defendant co-opted "Creando's likeness, logo, and branding," and "the CSC website uses similar (and in some places identical language to the Creando website); …" (Am. Compl. (dkt. #7) ¶ 96.) Plaintiff alleges Defendants both directly copied its original work ("identical language") and created a derivative work ("mimic" and "co-opt"), both of which are exclusive rights retained to the copyright owner under 17 U.S.C. § 106. As stated above, in this instance Plaintiff even asserted its rights by including a copyright notice at the bottom of the very web page upon which it alleges Defendants infringed.  (*See* Poland Decl. ¶¶ 5-6, Ex. 2.) While Wisconsin Statute Section 100.18 can apply to other deceptive practices, this specific claim falls squarely within the subject matter of copyright law. "[I]f the only alleged misrepresentation is that the defendant claimed the work as his own, the fraud claim is merely a 'disguised copyright claim.'" *Overton v. Health Commc'ns, Inc.*, No. 10-CV-701-WMC, 2012 WL 13069986, at *11 (W.D. Wis. Feb. 6, 2012) (Conley, J.) (citing *Seng-Tiong Ho*, 648 F.3d at 502). Thus, the rights

asserted in Claims I and III satisfy the second element of preemption under 17 U.S.C. § 301. Plaintiff's Claims I and III are therefore completely preempted by the Copyright Act of 1976, conferring on this Court original (and non-discretionary) jurisdiction over Plaintiff's Amended Complaint.

## Conclusion

Plaintiff's "strategic decision" to amend its Complaint after removal by deleting its sole federal claim in an effort to avoid this Court's jurisdiction is futile. Despite Plaintiff's assertion to the contrary, this Court retains supplemental jurisdiction over Plaintiff's remaining state-law claims, and federal law does not mandate remand.  This Court not only *may* exercise its discretion to retain jurisdiction, which it should do under the clear weight of authority holding under similar circumstances that courts should retain jurisdiction to avoid forum manipulation, but it ***must*** retain jurisdiction because Plaintiff's Claims I and III are completely preempted by the Copyright Act of 1976, conferring on this Court original jurisdiction over the Amended Complaint.  Plaintiff's Motion to Remand should be denied.

Dated:  January 11, 2021

STAFFORD ROSENBAUM LLP

*/s/ Douglas M. Poland*
Douglas M. Poland
SBN 1055189
Seep Paliwal
SBN 1091325
Attorneys for Defendants

222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
dpoland@staffordlaw.com
spaliwal@staffordlaw.com
608.256.0226