# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

CREANDO LITTLE LANGUAGE
EXPLORERS, LLC,

        Plaintiff,

   v.                                  Case No. 3:20-CV-1051-wmc

MONROE STREET ARTS CENTER,
INC., *et al.*,

        Defendants.

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

### INTRODUCTION

On December 21, 2020, the plaintiff filed an amended complaint in which it elected to drop its Lanham Act Claim. Concurrently, the plaintiff also filed a motion for remand, seeking to have this case returned to the Dane County Circuit Court. The defendants oppose remand, and on January 11 filed a brief requesting that the court exercise its discretion to maintain supplemental jurisdiction over the remaining state claims. The defendants' request, although permissible under the applicable rules, asks the court to break with its regular practice of remanding cases to state court when such cases are at an early stage and scant judicial resources have as yet been expended on them. For the reasons discussed below, the court should decline the defendants' request to break with this practice, exercise its discretion to decline supplemental jurisdiction, and remand this matter to the state court.

The defendants also argue that the court should find that the plaintiff's claims for

misappropriation and violation of Wis. Stat. § 100.18 are preempted by federal law. In such an event, the court would continue to have original jurisdiction over at least those two claims, and this case should remain in federal court. The defendants support this argument by weaving a creative narrative of selective facts found in in the plaintiff's Amended Complaint, while simultaneously ignoring the alleged facts that defeat their theory. The plaintiff's claims are not preempted, and for the reasons discussed below the court should also find that it lacks original jurisdiction in this matter.

## ARGUMENT

### I. Mea Culpa

The plaintiff concedes that it over-reached in its opening brief. The defendants are correct that supplemental jurisdiction attaches at the time of removal and is not *de facto* lost in the event that federal claims are dismissed or withdrawn. The undersigned counsel apologizes for the misstatement of law in the plaintiff's filing and prays that the court attributes the misstatement entirely to counsel and not to the plaintiff.

### II. Remand is Discretionary

The plaintiff also agrees with the defendants that a district court is not required to retain supplemental jurisdiction once the federal claims that gave rise to removal are eliminated. (*See* Doc. # 14, pp. 12-13 quoting *Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010)). The defendants appropriately quote Judge Easterbrook:

> But if there is federal jurisdiction on the date a suit is removed—as there was in this suit—the final resolution of the claim that supported the suit's presence in federal court does not necessitate remand. The district court ***may retain*** jurisdiction under 28 U.S.C. § 1367(a) . . .

*Id.* (emphasis supplied). The defendants' circumlocutory brief buries this statement of law below the fold, waiting until beyond its half-way point to mention that whether this court retains jurisdiction in this case is entirely up to the court. (*See* Doc. 14, p. 14).

Blackletter law provides that a district court may decline supplemental jurisdiction over a state-law claim for the following reasons:

1. The claim raises a novel or complex issue of state law;

2. The claim substantially predominates over the claim or claims over which the court has original jurisdiction;

3. The district court has dismissed all claims over which it has original jurisdiction; or

4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition, "a district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350(1988)); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

This district court is no stranger to the positions argued by both parties, and is familiar with the very cases cited by the defendants.

> Defendant acknowledges that, generally, federal courts should not keep jurisdiction over a case once all the federal claims are gone. 28 U.S.C. § 1367(c)(3); *Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir. 2008); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001). However, it cites

> *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), and *Townsquare Media, Inc. v. Brill*, 652 F.3d 767 (7th Cir. 2011), for the proposition that the court has discretion to retain jurisdiction when the plaintiff has dismissed his federal claims to manipulate jurisdiction and keeping the case would serve the interest of judicial economy.

*Meyers v. Wis. DOT*, No. 12-cv-877, 2012 U.S. Dist. LEXIS 177103, at *2 (W.D. Wis. Dec. 14, 2012). In *Meyers*, Judge Crabb notes the very same point as the plaintiff made above, which is that the courts in the cases cited by the defendants ultimately decided not to retain jurisdiction.

> If plaintiffs had attempted to dismiss their federal claims after the parties and this court had devoted substantial resources to this case, it might make sense to retain jurisdiction. However, defendant does not cite any cases in which a federal court concluded that it was appropriate to retain jurisdiction under § 1367 when the plaintiff dismissed his federal claims before any proceedings occurred in federal court. **Even the courts in the cases it cites affirmed decisions to relinquish jurisdiction.** *Carnegie-Mellon University*, 108 S. Ct. at 622-23; *Townsquare*, 652 F.3d at 773.

*Id.* at *2-3 (emphasis supplied). *See also Farmers All. Mut. Ins. Co. v. Burger*, No. 07-C-0138-C, 2007 U.S. Dist. LEXIS 43297, at *4 (W.D. Wis. June 12, 2007) ("*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), allows federal courts to retain certain state law claims for decision after dismissing the federal claims from the case but only in unusual circumstances. Ordinarily, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.' *Id*. at 726. One of the factors favoring relinquishment of jurisdiction is present 'when state issues substantially predominate.' *Id.*").

It is notable that the defendants cite *Carnegie-Mellon* in support of their argument that this court should retain jurisdiction over this matter. (*See* Doc. #14, p. 16). *Carnegie-Mellon* does not, in fact, support the defendants' argument. In that case, the plaintiffs commenced an action in state court against their employer, alleging both state and federal discrimination claims. *Carnegie-Mellon*, 484 U.S. at 345. The employer removed the case to federal court on the basis that the complaint stated a federal claim "and the state-law claims in the complaint were pendent to this federal-law claim." *Id.* at 346. The plaintiffs did not contest the removal; however, six months later they filed a motion to amend the complaint for the express purpose of omitting the federal claims. *Id.* The federal court granted the motion, and remanded the case to state court. *Id.* Relying upon its prior decision in *Mine Workers*, the Supreme Court upheld the district court's remand order, finding that remand is appropriate when the factors weighed by the trial court indicate "that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain …" *Id.* at 350 quoting *Mine Workers*, 383 U.S. at 726-27. In this case, Creando did not wait for six months to drop its federal claim, making the case for remand even more compelling.

### A. The Defendants' Argument that Remand is Unfair Is Without Merit

Turning to factors that the court should weigh, the defendants first argue that remand would be unfair to the defendants. (Doc. # 14, pp. 17-20). In support of that argument, they point to *Austwick v. Board of Education*, 555 F. Supp. 840, 842 (N.D. Ill. 1983). (*See* Doc. # 14, p. 17). *Austwick* does not provide the authority that the

defendants claim. Its holding relies upon *In re Greyhound Ret. and Disability Trust Fund*, 598 F.2d 883, 884 (5th Cir. 1979), for the proposition that "the district court does not have discretion to remand non-federal claims in a removed case where the motion to remand is predicated on a 'voluntary tactical dismissal of the federal claims by plaintiff.'" *Austwick*, 555 F. Supp. at 842. *In re Greyhound*, however, is no longer good law following the decision in *Carnegie-Mellon* in which the Supreme Court, resolving a split in the circuits, held that district courts do have such discretion. *Carnegie-Mellon*, 484 U.S. at 348. Further, as noted above, both *Austwick* and *Carnegie-Mellon* were "decided before the passage in 1990 of 28 U.S.C. § 1367, which expressly authorized district courts to decline to exercise supplemental jurisdiction over a state-law claim if all claims within the court's original jurisdiction had been dismissed." *Baker v. Kingsley*, 387 F.3d 649, 654 n.1 (7th Cir. 2004) citing Judicial Improvements Act of 1990, Pub. L. 101-650, Title III, § 310, 104 Stat. 5089 (Dec. 1, 1990).

The defendants also cite *Anderson v. Aon Corp.*, 614 F.3d 361, 363 (7th Cir. 2010), for the proposition that fairness militates the federal district court retaining jurisdiction. (*See* Doc. # 14, p. 17). This case is also unhelpful to the defendants, in large part because the facts upon which that court's holding is based are easily distinguishable from the facts in this case. In *Anderson*, the plaintiff engaged in "playing games" across the state and federal courts of both Illinois and California over a series of years. *Anderson*, 614 F.3d at 365. The plaintiff's effort to "try yet again in state court" (as quoted in the defendants' brief at Doc. #14, p. 17) is a reference to *a fourth effort* by the plaintiff to avoid litigation in Illinois federal court over his preferred forum—California state court.

*See Anderson*, 614 F.3d at 365.

The facts and procedural posture at issue in *Anderson* are hardly comparable to this case, where the court has made no rulings and a preliminary pretrial conference has not even been held. As noted by the Sixth Circuit, the "possibility of harmful 'jockeying' appears greatest where there has been a not insubstantial commitment of judicial resources in the federal court." *In re Romulus Cmty. Schs.*, 729 F.2d 431, 440 (6th Cir. 1984). At this point there have been minimal judicial resources expended in this case. Moreover, the defendants have likewise not expended resources in federal court that would be wasted if this matter were remanded, as their deadline to file a responsive pleading has been stayed by the court pending the outcome of this motion. (*See* Doc. # 13).

In sum, the defendants' arguments as to fairness are left wanting for both factual and legal support. The plaintiff is no more guilty of "harmful jockeying" by seeking remand at this early and appropriate stage than the defendants were by seeking removal on November 19. Conversely, what appears to be unfair is the defendants' motivation to remain in federal court. The remaining claims are state-based, and the courts of Wisconsin were established for the express purpose of permitting its residents to resolve disputes arising under state law. The fair judicial resolution of the plaintiff's remaining claims clearly falls within the state courts' bailiwick. Conversely, the defendants signal that although these claims arise under state law, they believe that there is a unique quality to federal law that would permit a different resolution if this court retained jurisdiction. (Doc. # 14, p. 21 ("Were the case to be remanded and a

motion to dismiss briefed in that forum, Defendants would be required to start anew in researching and preparing a motion to dismiss and brief in support solely under Wisconsin procedural law.")).

Perhaps for obvious reasons, the defendants do not describe these apparently significant differences between the procedural rules of this court versus those of the court of Wisconsin. The plaintiff posits that the lack of explanation is likely due to the lack of substance to this argument. Regardless of whether the plaintiff's guess is correct or not, the defendants brief makes clear that it is the defendants who are engaged in forum shopping for the purpose of seeking an unfair advantage, not the plaintiff.

### B. The Interest of Judicial Economy Warrant Remand

The defendants next argue that judicial efficiency and convenience should compel the court to agree to retain jurisdiction. This argument similarly falls short.

In support of their position, the defendants initially set forth the novel argument that this court should start a new practice of penalizing litigants for what might have occured, rather than what actually happened. First, the defendants take the plaintiff to task because it did not immediately amend its pleading after Mr. Poland stated his *intent* to seek removal of this case from state to federal court during a hearing before the state court on November 11, 2020. (Doc. #14, pp. 19-20). In the defendants' view, the plaintiff was required to assume that Mr. Poland's stated *intent* as to future action bound his clients to a particular course of action that could not be changed or altered in the intervening eight days before the removal deadline. Moreover, the defendants' argument assumes that the plaintiff would have been entitled to rely upon Mr. Poland's

seemingly irreversible commitment to removal.

In short, there is no legal support for this argument or the assumptions that underpin it. There are any number of legitimate reasons why the defendants may or may not have proceeded with removal. Moreover, if the defendants had ultimately chosen not to seek removal, the plaintiff would not have grounds to complain or otherwise seek to force them to undertake such action. Stated intentions are ultimately just that—intentions. There is no rule of procedure in state or federal court that binds a party to such intentions before it actually submits a filing pursuant to Wis. Stat. § 802.05 or Rule 11, respectively. In this instance, there would have been nothing improper had the defendants decided to take a course different from the one stated by Mr. Poland on November 11. Accordingly, the prudent course of action for the plaintiff was to wait and see whether they did.

The defendants also take issue with the fact that the plaintiff elected to amend its pleading. As an initial matter, the plaintiff's amended pleading falls squarely within the scope of Fed. R. Civ. P. 15. The defendants have no more basis for complaining about Creando's decision to amend than Creando has to complain about the defendants' decision to remove this case to federal court rather than comply with the Wisconsin answer deadline established under Wis. Stat. § 802.06.

The defendants puzzlingly argue that remanding this case "would render for naught Defendants' expenditure on a significant motion for dismiss in this Court…" (Doc. #14, p. 20). The defendants' argument again relies upon the court's willingness to suspend disbelief and assume the facts to be something other than they are. The

defendants want the court to believe that 1) the defendants would not have moved to dismiss the original complaint if this matter were in state court, and 2) the only effect of the plaintiff amended pleading was the removal of the federal claim.

Neither contention is true, nor even plausible. First, the contention that the defendants would not have filed for dismissal in state court is belied by the fact that the motion they filed sought dismissal of the state-based claims. Second, the plaintiff made a substantial number of revisions to its pleading that had nothing to do with the Lanham Act claim. The defendants' motion to dismiss and supporting brief set forth, at great length, arguments that the plaintiff's state-law causes of action failed to state claims upon which relief could be granted and lacked sufficient specificity. (Doc. # 3, pp. 23-41). The defendants may be willing to pay for its counsel's prolific briefing, but the Rules of Procedure do not require the plaintiff to take the same approach.[1] As noted above, Rule 15 provides a party with the option to replead a complaint. If this matter had remained in state court, Wis. Stat. § 802.09(a) affords the plaintiff the same right. The rule contemplates that a plaintiff may disagree with the arguments set forth in a

---

[1] This assumes that the defendants are actually paying for their legal representation. As noted in the Amended Complaint, the defendants current lead counsel is the former president of the board for Defendant Monroe Street Arts Center, Inc., and currently serves as a member of its capital campaign committee (Doc. # 3, ¶ 4, fn. 1). These facts are indicative of a likelihood that the defendants are receiving representation on a *pro bono* or discounted basis. The question of whether the defendants are paying attorneys' fees is not dispositive of any material issue related to the remand motion. Notwithstanding the same, it does provide context to their motion and raise questions as to what weight should be provided to their argument that the motion for remand may "render for naught Defendants' expenditure on a significant motion to dismiss." (Doc. # 14, p. 20). It is unclear whether the use of the word "expenditure" refers to fees paid by the defendants or time spent by Mr. Poland and his colleagues.

defendant's motion to dismiss, but avoid the expense of briefing by choosing to replead. In other words, the applicable rules foster the opportunity for efficiency. Here, the plaintiff elected to amend, and in doing made substantial revisions to its original complaint. Among other things, it added two state-based claims and 23 paragraphs of factual allegations.

The defendants' accusation that Creando has caused unnecessary delay and expense is not only without merit. It also constitutes a transparent attempt to divert attention from its own efforts to effectuate delays and unfairly drive up the plaintiff's costs. The plaintiff obtained service on the defendants on October 20, 2020, simultaneously serving them with the pleadings and the plaintiffs' first set of discovery. *See* Declaration of Travis James West ("West Decl."), ¶ 2, Ex. A. Moreover, on November 4, 2020, Creando filed a motion for preliminary injunctive relief with the state court. *Id.* ¶ 3, Ex. B. The defendants avoided responding to the discovery and the motion by filing for removal on November 19, 2020.

Thereafter, in early December the plaintiff discovered through the website www.LinkedIn.com that at all times relevant to this lawsuit, the defendants' lead counsel, Mr. Poland, has served as a member of the capital campaign committee formed by Defendant Monroe Street Arts Center, Inc. ("MSAC"). *Id.* ¶ 4, Ex. C. The actions of MSAC's capital campaign committee form the basis for one of the claims set forth in the Amended Complaint. (*See* Doc. #7, ¶¶ 85-94). On December 11 the plaintiff issued a letter to Mr. Poland, requesting that he withdraw as counsel and informing him that they intended to seek discovery as to his role in the events giving rise to this action.

West Decl., ¶ 4, Ex. C.  On January 6, 2021, the parties participated in the Rule 26 conference, after which the plaintiff served a new set of discovery under the federal rules upon the defendants seeking, among other things, documents and information relevant to Mr. Poland's role as a witness and/or participant in the facts giving rise to this litigation.  *Id*. at ¶ 5, Ex. D.  Two days later, the defendants sought and obtained yet another reprieve from discovery in the form of a stay pending the outcome of this motion for remand.  (*See* Doc. # 16).

The defendants' actions reveal their true intentions.  Their brief runs on at great (great) length, citing overturned, inapposite, and clearly distinguishable cases and accusing the plaintiff of engaging in delay tactics.  However, the facts demonstrate that the defendants care very little about judicial economy or efficiency, and that they actually prefer litigation delays.  Among other things, the defendants prefer to stay in federal court to avoid responding to written discovery while forcing the plaintiff to engage in expensive (to plaintiff) motion practice.  Furthermore, the plaintiff contends that the defendants want to avoid the deposition of their lead counsel, Mr. Poland, which may result in his disqualification as trial counsel in this matter.  While the plaintiff understands MSAC's desire to use counsel of its choice—particularly when MSAC has a long-standing relationship with Mr. Poland—such relationships are not a lawful basis to fabricate delays and obstacles to the plaintiff's adjudication of this case.

### III.   The Court Lacks Original Jurisdiction

The defendants' final argument is that this court need not reach the question of whether to decline to exercise supplemental jurisdiction because, they argue, the

plaintiff's claims for misappropriation and violation of Wis. Stat. § 100.18 are preempted by federal law. In such an event, the court would retain original jurisdiction over the preempted claims, and supplemental jurisdiction over the state-law claims.

"Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60(2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152(1908); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) ("the plaintiff is the master of the complaint . . . [and] may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

> This means that the court looks only at the complaint, not at asserted defenses, *Gully v. First Nat'l. Bank*, 299 U.S. 109, 113, 57 S. Ct. 96, 81 L. Ed. 70 (1936), or at counterclaims, *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002). It also means that the court refers only to the portions of the complaint that are necessary for a plaintiff's cause of action, and not at pleadings that merely anticipate a defense. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

*Saybrook Tax Exempt Inv'rs, LLC v. Lake of the Torches Econ. Dev. Corp.*, 929 F. Supp. 2d 859, 862 (W.D. Wis. 2013).

Notwithstanding the preceding, a complaint that purports to rest on state law can be recharacterized as one arising under federal law if the law governing the complaint is exclusively federal. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state

law, is in reality based on federal law. This claim is then removable . . . "). As noted above, the defendants argue that Creando's claims for misappropriation and violation of Wis. Stat. § 100.18 are preempted by the Copyright Act.

The Copyright Act preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106" and are "in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a); *see also Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011). The Seventh Circuit has "distilled from the language of § 301 two elements: 'First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106.'" *Id.* quoting *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). Essentially, a plaintiff's claim will not be preempted if it "regulates conduct beyond the rights under the Copyright Act." *Taflove*, 648 F.3d at 503. For example, a trade secrets misappropriation claim is not preempted because it requires the plaintiff to prove elements beyond "[t]he act of publishing the allegedly copied materials." *Id.; see also Joint Comm'n Res., Inc. v. Siskin Techs., Inc.*, No. 14 CV 1843, 2016 U.S. Dist. LEXIS 134799, at *22 (N.D. Ill. Sep. 29, 2016) (citing 1-1 Nimmer on Copyright § 1.01[B][1]) ("[I]n essence, a right that is 'equivalent to copyright' is one that is infringed by the mere act of reproduction, performance, distribution, or display").

### A. Plaintiff's Claim for Misappropriation is not Preempted by the Copyright Act

In its amended pleading, the plaintiff alleges that it expended great effort to create, develop, and promote its branding as well as an educational system called the Five Senses Learning Approach ("FSLA"). (Doc. # 7, ¶¶ 15-31, 76-77). The plaintiff created a business that operates as an afterschool program which, at its core, utilizes the FSLA methodology to teach children. (*Id.* ¶ 14). The methodology requires engagement with children using a "systematic and researched approach . . . that involves the use of language, STEM, physical activity, and the arts" in a particular manner. (*Id.* ¶ 21).

The plaintiff's misappropriation claim involves the misappropriation of a host of work that cannot be reduced to a fixed tangible form. Creando does not allege that the defendants stole a book, pamphlet, or poem that describes the FSLA. Rather, the plaintiff alleges that the defendants have co-opted the methodology (or elements thereof) itself, which is not, and cannot be, a fixed tangible form subject to the Copyright Act. Moreover, the act and method of using language, STEM, physical activity, and the arts to communicate with and teach children does not fall within the scope of the six rights enumerated by Section 106 of the Copyright Act. *See* 17 U.S.C. § 106.

### B. Plaintiff's Claim for Violation of Section 100.18 is not Preempted by the Copyright Act

The defendants' argument that Creando's claim for violation of Wis. Stat. § 100.18 also fails. In support of this claim, Creando alleges that the defendants have made false representations to the public that they are affiliated with Creando and offer

the same form of sense-learning as Creando. (Doc. # 7, ¶ 96). The defendants' white-washed version of Creando's methodology "publicly represented itself to be identical to the FSLA in all aspects except bilinguality." (*Id.* ¶¶ 68, 95). It conveyed these messages not only by creating a website that seeks to piggyback off of Creando's branding, but also by taking advantage of the defendants' co-location in the same building as Creando; copying Creando's hours of operating and pricing structure; marketing to the parents of children from the same schools as Creando; and offering the same bussing options as Creando. (*Id.* ¶ 96).

Just as with its misappropriation claim, Creando's claim for violation of Wis. Stat. § 100.18 does not fall within the boundaries of the Copyright Act. The thrust of its claim is not whether the defendants republished a protected, tangible work and failed to attribute the work to Creando. Rather, Creando alleges that the defendants made false statements concerning the defendants' after school program, and sought to bolster their false claims by taking advantage of market confusion. Accordingly, this claim is not preempted by the Copyright Act.

**CONCLUSION**

For the preceding reasons, the plaintiff respectfully requests that the court grant its motion for remand.

Respectfully submitted this 21st day of January, 2021.

                        WEST & DUNN

                        /s/ Travis James West

                        Travis James West SBN 1052340
                        Benoit M. Letendre SBN 1079792
                        114 East Main Street, Suite 211
                        P.O. Box 37
                        Waunakee, Wisconsin 53597
                        Ph. (608) 535-6420
                        Email: twest@westdunn.com
                                    bletendre@westdunn.com

                        Attorneys for Plaintiff Creando Little Language Explorers, LLC