

Exhibit C

Travis James West
twest@westdunn.com
608-535-6421

December 11, 2020

*Via email (dpoland@staffordlaw.com)*

Stafford Rosenbaum
Attn: Douglas M. Poland
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784

      Re:    *Creando Little Language Explorers, LLC v. Monroe Street Arts Center, et al.*, W.D. Wisconsin, Case No. 20-cv-1051-wmc
            Request for Withdrawal as Counsel

Dear Mr. Poland,

    As you are aware, my office represents the plaintiff in the above referenced action. The purpose of this letter is to request your immediate withdrawal as counsel for the defendants. The plaintiff makes this request because it has recently been brought to its attention that you have served (and continue to serve) as a member of MSAC's Capital Campaign Committee throughout the entire time period to which the allegations of the complaint concern. *See excerpts below from* https://www.linkedin.com/in/doug-poland-5020638/ (last visited on Dec. 11, 2020*)*.



West & Dunn, 114 East Main Street, Suite 211, P.O. Box 37, Waunakee, Wisconsin 53597
www.westdunn.com | 608-535-6420

Mr. Poland
Creando v. MSAC, et al.
December 11, 2020
Page 2 of 2

      This fact is concerning given that the knowledge and conduct of the Monroe Street Arts Center, Inc. ("MSAC") throughout its capital campaign that commenced in 2019 is central to the plaintiff's allegations, and forms a material basis for its claims of unfair competition, misrepresentation, and promissory estoppel. In light of your role as a member of the subject committee it is a virtual certainty that you will be compelled to produce written discovery and sit for a deposition.

      At a minimum, your participation as trial counsel in this matter is barred. *See United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996) (It is well established that "counsel is barred from acting as both an advocate and a witness in a single proceeding except under special circumstances"); *see also See Olson v. Bemis Co.*, No. 12-C-1126, 2013 U.S. Dist. LEXIS 59999, at *9 (E.D. Wis. Apr. 26, 2013) (advocate-witness rule serves to bar the subject lawyer from representing a client at trial, but does not necessarily bar the lawyer from participating in pre-trial matters). Notwithstanding the same, based upon what is currently known in this case the plaintiffs anticipate that very little, if any, communication between you and the defendants is likely to be shielded by the attorney-client privilege or fall within the scope of SCR 20:1.6. In the event that this proves to be true, you are likely to be legally, if not ethically, disqualified from serving as counsel during pre-trial matters as well.

      In light of the preceding, as stated above, we respectfully request your immediate withdrawal as counsel for the defendants in this matter. To the extent that you refuse to withdraw, my client intends to seek disqualification with the court at the earliest opportunity. We close by demanding that you preserve any and all records related to your work with MSAC and MSAC's Capital Campaign Committee. This request is meant to be as expansive as possible, and specifically includes digital evidence such as email communication and posts on social media sites such as LinkedIn that are related to your involvement with MSAC.

      I may be reached at the telephone number or email address above with any questions or concerns.

      Sincerely,
      WEST & DUNN, LLC


      Travis James West


TJW|ek

cc:    Creando Little Language Explorers, LLC