IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CREANDO LITTLE LANGUAGE
EXPLORERS, LLC,

                              Plaintiff,                           OPINION AND ORDER

        v.
                                                                  20-cv-1051-wmc

MONROE STREET ARTS CENTER, INC.,
TARA VERMA,
JAMIE GALE, and
CREATIVE SOUL CLUB,

                              Defendants.

Now before the court is plaintiff Creando Little Language Explorers, LLC's ("Creando") motion to remand this case back to state court, where it was originally filed. (Dkt. #9.)  For the reasons discussed below, the court will deny that motion to remand.

BACKGROUND

For a relatively recently filed case, this matter has been the subject of extensive motion practice.  Plaintiff Creando originally filed this suit in Dane County Circuit Court on October 16, 2020, against defendants Monroe Street Arts Center, Inc. ("MSAC"), Creative Soul Club, Tara Verma, and Jamie Gale, alleging seven Wisconsin law causes of action for misappropriation, various deceptive trade practices, promissory estoppel, and multiple versions of common law misrepresentation, as well as one claim under the Lanham Act, 15 U.S.C. § 1127 *et seq.*  Factually, in very broad strokes, Creando alleges that before both parties entered into long-term leases in a new building, defendants opened up a competing, after-school program despite false representations that they would continue to

run complementary programs, misused Creando's proprietary branding, and stole a unique pedagogical method developed by Creando.

On November 5, 2020, plaintiff also moved for a temporary restraining order and preliminary injunction.  On November 11, 2020, the state court held a hearing at which counsel for both parties appeared, and during which defendants' counsel represented that they intended to remove the case to federal court by November 19, 2020.  (*See* 11/11/2020 Tr. (dkt. #15-1) 4:13-15, 6:21-25.)

As promised, defendants then removed this action to federal court on November 19, 2020, relying on plaintiff's Lanham Act claim for federal question jurisdiction.  (Notice of Removal (dkt. #1).)  Shortly thereafter, defendants moved to dismiss plaintiff's entire complaint for failure to state a claim.  (Mot. to Dismiss (dkt. #2).) One of the arguments raised by defendants was that plaintiff failed to allege use of the mark in interstate commerce, as is required to state a claim under the Lanham Act.  (Defs.' Br. (dkt. #3) 10-22.)

Despite having moved for a preliminary injunction in state court, plaintiff never reasserted this motion in federal court, and rather than file a response to defendants' motion to dismiss, plaintiff filed a first amended complaint, which is largely the same as its original complaint, except that it has now omitted the Lanham Act claim.  (*See* Am. Compl. (dkt. #7).)  In the amended complaint, plaintiff gratuitously noted that defendants devoted a "substantial portion of their brief" to its Lanham Act claim, and while "acknowledge[ing]" the argument that plaintiff did not use its mark in interstate commerce, suggested that a recent Federal Circuit had "dramatically expanded the scope

2

of that Landham Act to cover activities and marks," which "opens the door for plaintiff's claim." (*Id.* ¶¶ 1-4.)  Nevertheless, in the absence of the Seventh Circuit having "weighed in on this shift in the legal landscape," plaintiff represents that it "made the strategic decision to abandon the Lanham Act claim in favor of the seven remaining state law claims," depriving this court of subject matter jurisdiction.  (*Id.* ¶¶ 3-5.)

## OPINION

Consistent with that erroneous understanding of the law, plaintiff originally moved to remand the case back to state court for lack of subject matter jurisdiction.  (Mot. to Remand (dkt. #9).)  Then, by way of a tone-deaf "**Mea Culpu,** plaintiff argued in its reply brief that remand is still appropriate now that their only federal law claim has been dismissed from the case.  Anticipating this argument, defendants' response opposed remand on two grounds.  First, they argue that the relevant discretionary factors weigh "strongly in favor" of this court retaining jurisdiction.  (Defs.' Opp'n (dkt. #14) 16.) Second, they argue that this court retains original jurisdiction because two of plaintiff's state law claims are completely preempted by the federal Copyright Act.  (*Id.* at 23.) Neither argument is persuasive on its own, but the combination of the two, along with the scorched earth tactics and obvious acrimony between the parties and counsel, make remand ill-advised.  Instead, the court will retain supplemental jurisdiction and direct the parties to reach a resolution or proceed to trial on this summer.

To begin, because this court *had* subject matter jurisdiction over the complaint at the time of removal, plaintiff's dismissal of the Lanham Act claim does not automatically deprive this court of supplemental jurisdiction over the remaining state law claims.  *See*

*Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) ("[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed*.") (emphasis in original).  On this much, if almost nothing else, both parties now agree.  (Defs.' Opp'n (dkt. #14) 9; Pl.'s Reply (dkt. #17) 2.)

However, when a plaintiff in a case that has been properly removed amends its complaint so that the operative complaint no longer includes a federal claim, the district court has discretion whether to exercise subject matter jurisdiction over the remaining state law claims under its statutory authority of supplemental jurisdiction under 28 U.S.C. § 1367.  *See Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010) ("if there is federal jurisdiction on the date a suit is removed . . . the final resolution of the claim that supported the suit's presence in federal court does not necessitate remand.  The district court may retain jurisdiction under 28 U.S.C. § 1367(a).").  In deciding whether to exercise jurisdiction over pendent state-law claims, "a district court should consider and weigh the factors of judicial economy, convenience, fairness and comity."  *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994).

Here, the factors cut both ways.  On the one hand, the court is somewhat sympathetic to defendants' frustration.  Plaintiff made a deliberate choice to include a federal claim, which it did not dismiss even after defendants warned of removal.  On the other hand, plaintiff's decision to eliminate the Lanham Act claim appears to be a decision based, at least in part, on substantive considerations regarding the potential viability of that claim once made clear by defendants' motion to dismiss, rather than just forum manipulation.  Moreover, this case is still in its early stages, and so considerations of

judicial economy do not weigh strongly in favor of retaining this case.  Finally, assuming all things are equal, principles of comity generally favor relinquishing supplemental jurisdiction over entirely Wisconsin law claims brought by Wisconsin parties when the grounds for exercising federal jurisdiction are gone.  *See Al's Serv. Ctr. V. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010); *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012).

Indeed, as plaintiff points out, in *Meyers v. Wisconsin Dep't of Transp.*, No. 12-CV-877-BC, 2012 WL 6553810, at *1 (W.D. Wis. Dec. 14, 2012), this court faced a similar motion to remand on almost identical procedural facts.  There, the plaintiffs had originally filed in state court, including both federal and state law claims, but when defendant removed, plaintiffs amended their complaint to eliminate the federal claims and requested remand.  Judge Crabb noted that the parties had not devoted any substantial resources to adjudicating the federal case, and ultimately concluded that it was proper to relinquish jurisdiction over the pendent state law claims.  *Id.*  For much the same reasons, the court is not convinced that considerations of judicial economy, convenience, fairness, or comity so favor defendants as to warrant retaining jurisdiction.

This leaves defendants' argument that the court should retain jurisdiction because plaintiff's common law misappropriation and Wis. Stat. § 100.18 (deceptive trade practices) state law claims are completely preempted by the federal Copyright Act, and so, this court still has original jurisdiction over the dispute.  (Defs.' Opp'n (dkt. #14) 23.)  Under the "well-pleaded complaint rule," federal jurisdiction exists only if the federal question appears on the face of the plaintiff's properly-pleaded complaint.  *Caterpillar Inc.*

*v. Williams*, 482 U.S. 386, 392 (1987). Thus, in general, a court looks only to the plaintiff's complaint, *not* to any asserted defenses or counterclaims to determine jurisdiction. *Saybrook Tax Exempt Inv'rs, LLC v. Lake of the Torches Econ. Dev. Corp.*, 929 F. Supp. 2d 859, 862 (W.D. Wis. 2013).

Still, while federal preemption is ordinarily raised as an affirmative defense, in certain cases, the preemptive force of a statute may be "so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotations omitted). In such cases, a federal preemption defense may give rise to federal jurisdiction. *See Empress River Casino Corp. v. Local Unions No. 9 & 176, Int'l Bhd. of Elec. Workers*, No. 94 C 2379, 1994 WL 262075, at *2 (N.D. Ill. June 10, 1994).

Here, defendants argue that the Copyright Act preempts plaintiff's Claim I for misappropriation and Claim III for deceptive trade practices under Wis. Stat. § 100.18, pointing out in particular that: (1) plaintiff's website asserts a copyright in its name and (2) plaintiff's amended complaint asserts misappropriation of its branding (including its logo), unique pedagogical method and other non-tangible works for which it asserts no express copyright, but may implicate copyright claims or preemption. (Defs.' Opp'n (dkt. #14) 23.) While the court agrees with plaintiff that these alleged misuses of claimed intellectual property are only a part of plaintiff's other, myraid claims, its attempt to minimize the copyright implications of its claims of misappropriation and violation of Wis. Stat. § 100.18 is far less convincing. (*See* Pl.'s Reply (dkt. #17) 15.) To the contrary, defendants are right to at least raise the implications of those claims, which at least as

6

pleaded are also intimately tied up with plaintiff's claims for promissory estoppel, deceptive trade practices, and various forms of misrepresentation. Plaintiff's counsel seems no more willing than defendants' counsel to simplify this case down to the basic claim of intentional fraud that appears at its heart. Thus, while plaintiff's claims are not completely preempted by federal law, and this court no longer has original jurisdiction over this case, a federal court like this one is in the best position to address the parties' seemingly inevitable attempts to drag trademark and copyright law (at least by analogy, if not directly) into this dispute. Moreover, having now invested the time to understand the parties' dispute, this court appears in the best position to bring this matter to a "just, speedy, and inexpensive" conclusion under Fed. R. Civ. P. 1, an undertaking that will begin in earnest during a telephone scheduling conference this Friday, April 2, 2021.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motion to remand (dkt. #9) is DENIED.

2) The court will hold a telephonic scheduling conference is set this case for expedited discovery and a trial this summer on Friday, April 2, 2021, at 1:00 p.m. Defendants' counsel shall initiate the call to this court.

Entered this 29th day of March, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge